## SUPREME COURT.

BENJAMIN KELLER, Administrator of RACHEL KELLER his mother agt. THE NEW-YORK CENTRAL RAILROAD CO.

An action for damages "for causing death by wrongful act, neglect or default," (*Laws of* 1847–9,) can be sustained by an individual as administrator of his intestate *mother* who was killed by reason of the negligence of the agents and servants of the defendant, although the deceased was a widow and had no child at the time of her death, under the age of twenty-one years or relative, who was dependent upon her, or who could have any *legal* claim upon her for service or support.

That is, the right to maintain actions under this statute is not restricted to cases where the deceased person leaves a widow or next of kin surviving, who sustains, or may sustain, some *pecuniary* loss by reason of the death of such per-

son. For section two of the act declares that "the amount recovered in every such action, shall be for the exclusive benefit of the widow and next of kin of such deceased person," and there may be *next of kin* who could have no legal claim upon such person if living, for services or support.

*Delaware General Term, July,* 1858.

*Present,* GRAY, MASON, BALCOM *and* CAMPBELL, *Justices.*

MOTION by defendant for a new trial.

The intestate (Rachel Keller) was killed at Canastota, in the county of Madison, on the 29th day of August, 1854, by reason of the negligence of the agents and servants of the defendant. This action was brought by Benjamin Keller, the administrator of the intestate, to recover damages for her injuries and for killing her, under the act of 1847, entitled, " an act requiring compensation for causing death by wrongful act, neglect or default," as amended by chapter 256 of the laws of 1849.

The action was tried at the Madison circuit, in March, 1857, when the plaintiff obtained a verdict against the defendant for $1,700 damages. The intestate was a widow and had no child at the time of her death, under the age of twenty-one years, or relative who was dependent upon her or who could have any legal claim upon her for support.

The defendant's counsel now asks for a new trial, on the ground, among others, that the intestate left no husband or next of kin, who sustained any pecuniary loss by reason of her death. This point was made at the trial, but was overruled by the judge, and the defendant's counsel excepted.

T. JENKINS, *for plaintiff.*

MORRIS S. MILLER, *for defendant.*

By the court—BALCOM, Justice. If Rachel Keller had not died, the defendant would certainly have been liable to respond in damages for injuring her, and if section one of the act of 1847, (*Laws of* 1847, *p.* 575,) stood alone, there could be no doubt of the defendant's liability for damages, in respect to the injury to her, notwithstanding her death.

In *Quin* agt. *Moore*, (1 *E. P. Smith*, 434,) COMSTOCK, J., said : " The only condition on which the right of the adminis-trator to sue under the statute depends, is the common law right of the injured person to maintain an action if he were living." This language is clearly comprehensive enough to authorize this action ; but it is contended by the defendant's counsel, inasmuch as there was a mother who survived her minor child that was killed, in the case of *Quin* agt. *Moore*, and also in the one cited to sustain the decision in that case, that the language used by Judge COMSTOCK, should not con-trol the decision in the case under consideration. Now, con-ceding the question in this case to be undecided in those above cited, I am of the opinion this action is well brought, and that such an action can be maintained by the personal representa-tive of a deceased person, whose death has been caused by the wrongful act, neglect or default of the defendant, although such deceased person left no husband or wife, or next of kin surviving, who could have any legal claim upon him if living for services or support. It has not been denied but that the language of the first section of the law under which this action was brought, is broad enough to sustain this conclusion ; and this much may be taken as conceded. But it is claimed not-withstanding the broad and comprehensive language employed in the first section of the law, that the right to maintain ac-tions under it is restricted to cases where the deceased person leaves a widow or next of kin surviving, who sustains or may sustain some *pecuniary* loss by reason of the death of such person.

When it is asserted that section two declares that " the amount recovered in every such action, shall be for the exclu-sive benefit of the widow and next of kin of such deceased per-son," it must be remembered that there may be next of kin to the deceased person, who could have no legal claim upon such person if living for services or support. The other part of section two, on which more stress is laid by the defendant's counsel, is, that " in every such action the jury *may* give such damages as they shall deem a fair and just compensation, not

exceeding five thousand dollars, with reference to the *pecuniary* injury resulting from such death to the wife and next of kin of such deceased person." (*See Laws of* 1849, *p.* 388, § 1.) I think this language when construed with section one of the act of 1847, is merely permissive; and that it cannot be regarded as restricting the jury on the question of damages, to the mere *pecuniary* injury resulting from the death of the person killed, to the wife and next of kin of such deceased person. The legislature has said, the administrator *may* recover such damages, but has not declared he shall recover no other damages, as I think it would have done, if it had been the intention to limit the right of action to cases where the deceased person leaves a wife or next of kin who could have a *legal* claim for services or support upon such person if living.

I am of the opinion the defendant's motion for a new trial should be denied.

Justices GRAY, MASON and CAMPBELL, concurred in the above conclusion, on the ground that they thought the decision of the court of appeals in *Quin* agt. *Moore*, was decisive of the question whether the plaintiff as administrator of his mother, could sustain this action.

Motion for a new trial denied, with costs.

NOTE.—If the views in this opinion are correct, it works out the sand from the foundation of the case of *Quin* agt. *Moore*, (15 *N. Y. R.* 432,) pretty effectually, so far as the opinion in that case rests upon the discussion of the question of the *assignability* of the cause of action. On this point it is based upon the second section of the statute, and upon the idea that the theory of the statute is that the next of kin have only a pecuniary interest in the life of the person killed, and the value of that interest is the amount for which the jury are to give their verdict. The statute imputes to the administrator and through him to the next of kin, a direct pecuniary value in the life of the person killed; a right or interest having the essential attributes of property. Whereas, the above opinion holds that the language of the second section when construed with the first section is merely permissive, and that it cannot be regarded as restricting the jury on the question of damages to the mere *pecuniary* injury resulting from the death of the person killed, to the wife and next of kin of such deceased person. The legislature has said the administrator *may* recover such damages, but has not declared he shall recover no other damages.