Green v. Hudson River Rail Road Company.

------

GREEN, adm'r, &c. *vs.* THE HUDSON RIVER RAIL ROAD COMPANY.

An action can be maintained, under the act of 1847, " requiring compensation for causing death by wrongful act, neglect or default," by an individual as administrator of his deceased wife, whose death was caused by the negligence of the defendant, on a complaint alleging that the deceased left a mother, who was her next of kin, surviving her.

APPEAL from a judgment rendered at a special term, overruling a demurrer to the complaint. The action was

Green *v.* Hudson River Rail Road Company.

brought by the plaintiff, as administrator of his deceased wife, Eliza Green, under the act of 1847, (*Laws of* 1847, *p.* 575,) to recover damages of the defendants for causing the death of his said wife, by their wrongful act, neglect or default. The defendants demurred, on the grounds that the plaintiff had not legal capacity to sue; that several causes of action had been improperly joined, and were not separately stated; that the complaint did not state facts sufficient to constitute a cause of action, &c. The following opinion, delivered by the justice, at special term, states the points more fully.

" BACON, J. This action is brought by the plaintiff, as administrator of his deceased wife, to recover damages for the loss of her life, which occurred instantaneously, by a collision of the cars on the defendants' road, she being a passenger therein at the time. The action is instituted under the statute of this state requiring compensation for causing the death of any person by wrongful act, neglect or default. The complaint sets forth the facts of the case, averring the negligence and the death caused thereby, and then alleges that Margaret Ford, the mother of the deceased, and her next of kin, suffered loss and damage thereby, and avers specially that she was aged and infirm, and dependent upon the deceased for her support, which support was rendered by the deceased; and that by the shock and the mental distress ensuing, her health has been impaired, and she has become incapable of maintaining herself. To this complaint the defendant has interposed a demurrer, which (omitting some special grounds to the form of the complaint) presents the general question whether sufficient facts are stated to constitute a cause of action. I shall assume that at common law no right of action whatever exists or can be maintained by any person, under the circumstances of this case. It is only by virtue of the statute, which was intended to remedy this defect, and reverse the rule of the common law, that this suit can be maintained, and the question then is, is this a case coming within the terms and spirit of the act ?

As an original question, I confess my impressions would be strongly against the maintenance of this suit. The intent of the statute being to give a remedy where none existed before, it is obvious to remark, that its benefits can only be extended to those who are included within its terms. The first section gives a right of action wherever the party killed would have been entitled to bring a suit for the injury, if death had not ensued. The second section provides that the suit shall be brought in the name of the personal representative of the deceased person, and that the amount recovered shall be for the exclusive benefit of *the widow and next of kin* of the deceased, and the jury may give such damages, not exceeding $5000, as they shall deem fair and just, with reference to the pecuniary injuries resulting from such death, to the widow and next of kin of such deceased person. The plain and literal interpretation of this statute would seem to require that the party killed must be one who could, in his or her own right and name, maintain a suit if death had not ensued, and also, that there must be both widow *and* next of kin surviving, in order to authorize a recovery, and that some *pecuniary* injury must be shown, to lay a foundation for damages.

All the cases, with the exception of a special term decision of Judge Harris, reported in 12 *Howard,* 323, and a case to which I shall refer hereafter, seem to take for granted the first part of this proposition, or at least they were cases where there could be no doubt on this point, because the party injured was a single person. The case of *Lynch* v. *Davis,* (12 *How.* 323,) above referred to, was an action brought under the statute by a husband, as administrator of his wife, for alleged malpractice, ensuing in her death. Judge Harris, among other things, held that the case was not within the statute, for the reason that the wife, if she had survived, could not have maintained the action, since the suit must either have been in favor of the husband alone, or the husband and wife as joint plaintiffs, and that the case was, therefore, not within the terms or intent of the statute.

Green *v.* Hudson River Rail Road Company.

In regard to the other suggested interpretation of the statute, to wit, that there must be both widow and next of kin, among whom distribution can take place, in order to ground a right of recovery, several cases have arisen in which the conclusion has been reached that if there be either a widow *or* next of kin surviving, the action can be maintained. In the case of *Safford* v. *Drew*, (3 *Duer*, 627,) the plaintiff was the administrator of his son, who, it was alleged, had lost his life by the wrongful act of the agent of the defendant, and he described himself simply as the father of the deceased. On demurrer the court held the complaint defective, because it did not aver that the deceased left a widow or next of kin. The statute is minutely examined and commented on by Judge Hoffman, and he says the court are of opinion that the act may be so interpreted as to allow an action where there is a widow only, or next of kin only, as well as where both are in existence.

In the case of *Quin* v. *Moore*, (15 *N. Y. Rep.* 432,) the party who lost his life was a child of the age of 12 years, and the action was brought by the administrator for the benefit of the mother, who, it was admitted, was the sole heir and next of kin to the child. A recovery was had, and the judgment was sustained by the court of appeals. Judge Comstock, in giving the opinion, says, that the only condition on which the right of the administrator to sue under the statute depends, is the common law right of the injured person to maintain an action if he were living; and that it is not required that the person killed should be a husband, father or protector, although the legislature, in passing the act, were doubtless mainly influenced by the evident justice of compelling the wrongdoer to compensate families dependent, in a greater or less degree, for support, on the life of the deceased.

To the same effect is the case of *Oldfield* v. *Harlem R. R. Company*, (4 *Kernan*, 310,) in which case the court also held that no special pecuniary injury, arising from the death, need

be averred or proved in order to enable the party to recover damages.

*Lucas* v. *The New York Central Rail Road Co.*, (21 *Barb.* 245,) was an action brought by a husband in his own right and as administrator of his deceased wife, who was instantly killed while in the cars of the defendant's rail road. The complaint was demurred to, both on the ground of misjoinder of causes of action, and because there was no averment that the deceased left any next of kin. It was held defective on both grounds, and the court, Mr. Justice Welles giving the opinion, say, that if there is neither wife or next of kin, there can be no such pecuniary damages recovered as the act contemplates. They waived the other question as one not necessarily presented, to wit, whether an action would lie for the death of a wife under the statute, in any case.

At the Madison circuit, in March, 1857, the suit of Lorenzo Dickens, administrator of Sally Dickens, his wife, against the New York Central Rail Road Company, was brought to trial, and resulted in a verdict for the plaintiff. It was brought under the statute, and the complaint alleged that the deceased was instantly killed by being run over by the cars of the defendant, and that the plaintiff, as her husband, and others the next of kin of the deceased, suffered loss and damage thereby. It was admitted that the deceased left no children, nor father, nor mother, but two brothers and a sister surviving her. A motion for a new trial was made at a general term in the 6th district, and after argument the motion was denied, and the recovery sustained. I have been furnished with the opinion delivered by Judge Balcom, in which the other judges concurred, as is stated, on the ground that the decision in *Quin* v. *Moore* had settled the question that the plaintiff, as administrator of his wife, could sustain the action. In the opinion of Judge Balcom it is held, that if the plaintiff's wife had not died, the defendant would have been liable to an action for the damages occasioned by the injury. He does not notice the distinction taken by Judge Harris, that an action could

not have been maintained by the wife if she had survived, but holds that, inasmuch as the defendant would have been liable to an action if the wife had survived, the condition of the statute is fulfilled, and the right of the administrator to sue is clear. He also holds that the action can be maintained by the personal representatives of the deceased, although such deceased person left no husband, or wife, or next of kin surviving, who could ever have any legal claim upon such person, if living, for services or support. This decision covers all and more than is claimed on the part of the plaintiff in this suit; for the averment here is that the deceased left a mother, her next of kin, who was dependent on the deceased for her support, and who, by reason of the death, has not only been deprived of this support, but has sustained other specific damages. I do not profess to be entirely satisfied with the law as laid down in this case, and I follow it with some hesitation; but highly respecting the source from which it comes, and yielding to it as a decision in a conterminous district, made at general term, I think I am bound by its authority.

The result is that there must be judgment for the plaintiff on the demurrer, with leave to the defendant to answer on payment of costs.'

*T. M. North,* for the appellants.

*Morris S. Miller,* for the respondent.

*By the Court,* PRATT, J. It was held in *Quin* v. *Moore,* (15 *N. Y. Rep.* 432,) that the only condition on which the right of the administrator to sue under the statute depends, is the common law right of the injured person to maintain an action if he were living. That it is not required that the person killed should be a husband, father or protector. (*See also Oldfield* v. *Harlem Rail Road Co.,* 4 *Kern.* 316.) Under these decisions, this court sitting in the sixth district held, in the case of *Dickens, adm'r,* v. *The New York Central Rail*

Green *v.* Hudson River Rail Road Company.

*Road Co.,* (28 *Barb.* 41,) that the action could be sustained for the death of a married woman, although she left neither father, mother, child or descendant. These cases would seem to dispose of the one at bar. It is claimed on the part of the defendant that the person killed could not have sustained an action if living, and therefore it does not come within the statute; that this question was not involved in the case of *Quin* v. *Moore,* and that it was not raised or discussed in *Dickens* v. *The New York Central Rail Road Co.* I think this point is rather too fine. The statute, in allowing an action to be sustained in cases where an action would lie by the party injured if living, does not refer to the party in any technical or narrow sense. It manifestly looks to the cause of action, rather than to the particular parties whose names it might be necessary to use upon the record. The injured party, though a feme covert, would be the substantial party. Both the action and the cause of action would survive in case of the husband's death, while both would abate in case of her death. She is the meritorious cause of action, however the husband may be entitled to the fruits of the litigation. This point I think not well taken. Upon the other questions raised, I think the demurrer was not well taken. The judgment must therefore be affirmed, with costs.

[ONONDAGA GENERAL TERM, January 4, 1859. *Pratt, Bacon, W. F. Allen* and *Mullin,* Justices.]