BARRON, (BOWMAN v.) See Case No. 1,-738.

## Case No. 1,052.

### BARRON v. ILLINOIS CENT., R. CO.

[1 Biss. 412.][1]

Circuit Court, N. D. Illinois. Oct. Term, 1863.

DEATH BY NEGLIGENCE—INTENT OF ST. ILL. FEB. 12, 1853 — TO MAKE CARRIERS CAREFUL, AND REMEDY DEFECTS IN COMMON LAW — RULE OF DAMAGES—NOT NECESSARY TO SHOW PECUNIARY LOSS.

1. Under the statute of Illinois of February 12, 1853, it is not necessary that the declaration should contain a special averment, showing the manner in which the next of kin have sustained pecuniary loss.

2. The action can be sustained though the next of kin had no legal claim on the deceased for services or support.

3. The intent of the statute is not to deprive all persons of its benefits, except those who were dependent on the deceased; nor is it requisite in any case to prove present actual pecuniary loss.

4. As against common carriers, the policy of the law was to make them more circumspect in regard to the lives intrusted to their care. At common law they were liable for personal injuries resulting from their fault, but they escaped responsibility if death ensued; to remedy this evil, and provide a continuing responsibility, was the object of the law.

5. There is no fixed measure of damages, nor any artificial rule by which they can be computed. The jury are in no case to take into consideration the pain suffered by the deceased, or the wounded feelings of surviving partners; but are to form their conclusions upon proof of all the circumstances attending the death, and of the relations existing between the deceased and the widow, or next of kin.

6. Decisions in New York, and of the supreme court of Illinois, commented upon.

[At law. Action by William T. Barron, executor, against the Illinois Central Railroad Company, to recover for the death of William Barron. Heard on demurrer to the declaration. Overruled.

[Plaintiff subsequently had judgment, (Barron v. Illinois Cent. R. Co., Case No. 1,053,) which was affirmed by the supreme court in Illinois Cent. R. Co. v. Barron, 5 Wall. (72 U. S.) 90.]

Clark, Cornell & Norton, for plaintiff.

McAllister, Jewett & Jackson, for defendant.

DAVIS, Circuit Justice. The declaration alleges that William T. Barron was a passenger for hire from Hyde Park to the city of Chicago; that he was killed by the fault of the defendant; that he left a will, and the plaintiff is his executor, and that he was never married, but had next of kin who are named. To this declaration the defendants have interposed a general demurrer. By the common law this action could not be sustained. In 1853, a statute—Sess. Laws 1853.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

p. 97; Gross, St. c. 17, § 5, [p. 60]—was passed in this state, giving a right of action wherever death is caused by the wrongful act of a person or corporation, where, if death had not ensued, the party injured would have been entitled to sue. The act also provides that the action shall be brought by the personal representatives of the deceased, and the amount recovered shall be for the exclusive benefit of the widow and next of kin, and that the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the wife and next of kin, not exceeding the sum of $5,000.

The defendants insist that the declaration should have contained a special averment showing the manner in which the next of kin have sustained pecuniary loss; that the next of kin of the decedent, being his father and brothers, had no claim on him for support or services, and, therefore, no pecuniary loss could have been occasioned to them by his death. We cannot adopt this view of the law, but think there can be recovery if the deceased left no kin surviving him who had any legal claim on him, if living, for services or support. The cause of action is given in the first section of the act in clear and unmistakable terms. If the injured party by the common law had a right to sue, if he had lived, then, if he dies, his representatives can bring an action. Very few persons on whom an inheritance is cast under the term "next of kin," have any legal claim on their ancestor for support, or can be said strictissimi juris to suffer pecuniary loss by his death.

If the intent of the statute was to deprive all persons of the benefits of the law except those who were dependent on the deceased, why use the term "next of kin" at all. It would have been very easy to have used the word "children," and yet, if the defendant's construction of the law is correct, many children who are of age and not dependent on their parents for maintenance, could not recover. Courts must give effect to all parts of a law, if possible.

Here is a statute where the first section, in positive terms, gives the right to sue, and a construction is sought to be given to the second section which would render the right conferred in the first section a barren right in the majority of cases brought into court. Many individuals who lose their lives by the fault of persons and corporations are of age, unmarried, and have no next of kin dependent upon them for support. We cannot suppose that the statute intended to give the representatives of such persons the right to sue in one section, and to make that right nugatory in the second section, by depriving of all damages. The policy of the law was evidently to make common carriers more circumspect in regard to the lives intrusted to their care. They were responsible at common law, if through their fault, broken limbs

were the result, but escaped responsibility if death ensued. To remedy this evil and provide a continuing responsibility was the object of the law. We do not think it requisite, in any case, to prove present actual pecuniary loss. It can rarely be done. If so, the opinions of witnesses would have to be substituted for the conclusions of the jury. The facts which the parties shall prove will generally enable the jury to decide on the proper measure of responsibility. Some cases are harder than others, and the law intends that the jury shall discriminate in different cases. There is no fixed measure of damages, and no artificial rule by which the damages in a given case can be computed. The jury are in no case to take into consideration the pain suffered by the deceased, or the wounded feelings of surviving relatives; but are to form conclusions as to the amount of pecuniary injury the widow or next of kin have sustained (subject to the limitations contained in the statute), upon proof of all the circumstances attending the death, and of the relations existing between the deceased and the widow or next of kin. These views are sustained, we think, by the court of appeals, and the supreme court of New York, on a similar statute enacted anterior to the statute of this state. Oldfield v. New York & H. R. Co., 14 N. Y. 310; Dickens v. New York Cent. R. Co., 28 Barb. 41. The case of Chicago & R. I. R. Co. v. Morris, 26 Ill. 400, has been referred to. That was a case where the declaration did not aver that the decedent left a widow or next of kin.

The court decided that the averment was necessary, and remanded the cause, with leave to the parties to amend the declaration. There are some expressions in the opinion of the court which seem to imply that there must be an averment in the declaration showing the manner in which the next of kin have sustained pecuniary loss. This, as has been already seen, we do not consider necessary.

The demurrer is overruled.

NOTE. [from original report.] See, also, opinion on trial of this case. [Barron v. Illinois Cent. R. Co., Case No. 1,053.]