Rapallo, J.
We think that the first ground taken in the opinion of the learned judge before whom this action was tried at Special Term is sufficient to sustain his judgment, without regard to the second position . assumed by him, or to the point upon which the case was determined at General Term. It may be that a corporation defacto was established, and that if the defendant had contracted with it after its formation he would have precluded himself from setting up the invalidity of its organization as a defence to an action upon his contract. This, however, would rest upon the ground that by contracting with it he had recognized its existence as a corporation. No such ground could be assumed where the contract was made before the formation of the corporation, and was conditioned upon its formation. A legal and effectual formation of a corporation or joint stock company for the purpose specified in the contract was a condition precedent to his obligation to put in his capital. He would not be bound under such a contract to invest his capital in the stock of a corporation not legally formed, or which had not obtained the franchise of carrying on the business contemplated by the contract, and in which he had agreed to become interested.
A question is raised whether the business of preserving fruits from decay, by the use of the patented invention, might not be included under the head of “ chemical purposes ” contained in the general manufacturing law. In our view of *468 this case it is not necessary to pass upon that question; nor upon the • further question, whether if a valid corporation or joint stock company had been formed for the purposes specified in the contract the obligation into which the defendant had entered with his associates, to take stock in such corporation or company, might not, upon its formation, have been transferred to, or vested in it, so as to confer upon it a right of action upon the contract ? The insuperable difficulty in the way of sustaining this action is, that the only business in which the defendant agreed to embark was that of preserving fruits by the method described in Hyce’s patent. He did not agree to invest capital in any other business. The corporation actually formed included, in addition to that of thus preserving fruits, those of manufacturing preserved fruits; and of canning fruits. He had never agreed to engage in those branches of business, and yet if he were compelled to pay in his money and take stock in the corporation actually formed, the capital might have been employed in manufacturing preserves and canning fruits, even to the exclusion of the patented process, which was the ^ole subject of the contract he had made.
This was a very material departure from the original contract, and a variation of its terms to which he never assented ; the corporation having been formed without his approbation, or even his knowledge, and he never having ratified, in any manner, these additions to the contemplated business. Ho joint stock company was ever formed, and the corporation attempted to be formed having been different in its purposes from that in which he agreed to take stock the condition of his contract was not performed, and he cannot be held liable.
.The judgment should be affirmed, with costs.
All concur.
Judgment affirmed.