## SERENSEN v. NORTHERN PAC. R. CO.

*(Circuit Court, D. Montana. January 15, 1891.)*

1. DEATH BY WRONGFUL ACT—PARTIES—PLEADING.
    Under Rev. St. Mont. 1879, p. 508, § 2, providing that an action for negligently causing death shall be brought by the personal representative for the exclusive benefit of the widow and next of kin, it is essential to the action that there be a widow or next of kin, and that fact must be alleged in the complaint.

2. SAME—WAIVER OF DEFECTS.
    Where the complaint failed to allege the existence of next of kin, and evidence of the fact was admitted over defendant's objection, and his exception to the ruling is saved, the defect is not cured by verdict, and plaintiff will not be held to have waived his objection by his failure to demur.

3. SAME—PLEADING—ALLEGATION OF DAMAGES.
    As the widow and next of kin are entitled to the benefit of the action irrespective of any legal claim on the deceased, if he had survived, for support, the complaint is not insufficient because it fails to set out specifically the damage which they sustained by his death.

4. SAME—DAMAGES.
    In estimating the damages the jury must take into consideration the age of deceased, the probability of the extent of his life, his wages, personal habits, disposition, and capacity to labor and make and save money, and the probability that if he had lived he would have been of some pecuniary benefit to them; and, where it appears that deceased had a sister and two brothers living in Denmark; that he was a bridge carpenter, and received $2 a day; that he had been at work three or four months, and had sent some money to his sister, (how much did not appear;) and there was no evidence as to his age or his capacity for earning and saving money, or as to the expectation of pecuniary benefit to be derived by the next of kin from his estate if he had lived longer,—a verdict of $1,750 will be set aside as excessive.

At Law.   On motion for new trial.

The language of section 2 of the statute under which this action for negligently causing the death of plaintiff's intestate was brought is as follows:

"Every such action shall be brought by and in the name of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem a fair and just compensation, with reference to the pecuniary injuries resulting from such death, to the wife and next of kin, not exceeding the sum of $2,000: provided, that every such action shall be commenced within two years after the death of such person." Rev. St. Mont. 1879, p. 508.

*Kinsley & Knowles*, for plaintiff.
*Cullen, Sanders & Shelton*, for defendant.

KNOWLES, J.   This is an action on the part of Andrew Serensen, as the legal representative of Niels Serensen, deceased, against the Northern Pacific Railroad Company, for damages for negligently causing the death of the said Niels Serensen.   The cause was tried with a jury, who found a verdict for plaintiff, and assessed his damages in the sum of $1,750.

The defendant has moved the court for a new trial upon substantially the following grounds:   (1) The complaint does not state facts sufficient to constitute a cause of action in this: there is no allegation in the same that the deceased had any next of kin, and there were no allegations therein of any damage said kin suffered on account of his death.   (2) That the evidence did not warrant the jury in finding for the plaintiff more than nominal damages, and hence the verdict was contrary to and unsupported by the evidence in this particular.

The complaint fails to state that the deceased had any widow or next of kin.   There was no claim that he left a widow.   Should the plaintiff have set forth that the deceased left any next of kin surviving who might be entitled to receive any damages that might be recovered against defendant?   The statute of Montana upon the subject of actions by personal representatives of deceased persons whose death was caused by negligence will be found on page 508, Rev. St. Mont. 1879.   The statute of Illinois upon this subject will be found recited in the case of *Railroad Co.* v. *Barron*, 5 Wall. 90.   A comparison of these two statutes will show that in words they are identical, save the Illinois statute permits a verdict for damages in such cases only in the sum of $5,000, while the Montana statute permits one for the sum of $20,000.   The decisions of the supreme court of Illinois are uniform to the effect that a declaration in an action brought under this statute should set forth that the deceased left a widow or next of kin.   *Railroad Co.* v. *Morris*, 26 Ill. 400; *Railroad Co.* v. *Shannon*, 43 Ill. 338; *Coal Co.* v. *Hood*, 77 Ill. 68; *Holton* v. *Daly*, 106 Ill. 131.   There may have been some wavering as to the correct rule in such actions in New York, whose statute the

supreme court of Illinois, in *Railroad Co.* v. *Morris*, says is the same as the statute of its state.   The case of *Safford* v. *Drew*, 3 Duer, 633, is positive to the effect that such allegations should be made.   In Estee's Pleading, in section 1853, it is claimed that the later cases in New York have established a doctrine different from this, and he cites *Quin* v. *Moore*, 15 N. Y. 463; *Oldfield* v. *Railroad Co.*, 14 N. Y. 316; *Dickins* v. *Railroad Co.*, 28 Barb. 41; *Keler* v. *Railroad Co.*, 17 How. 152.   An examination of these cases will show that they do not support upon this point that claim.   The case of *Harper* v. *Railroad Co.*, 36 Fed. Rep. 102, is not in point.   In that in West Virginia the administrator can recover, the case itself shows, if there were no widow or next of kin. The decision in that case was based upon the statute of that state.   The case of *Howard* v. *Canal Co.*, 40 Fed. Rep. 195, does not, as I understand the case, maintain the doctrine claimed.   But if it does, I cannot agree with the view that there should be no allegations in a complaint as to there being any widow and next of kin.   Unless there be a surviving widow or next of kin, there is no one to whom the damages recovered for injuries resulting in death can go.   The authorities generally agree that the amount recovered in such cases goes to the widow and next of kin, or to the next of kin to the exclusion of the creditors.   *Quin* v. *Moore*, 15 N. Y. 436, 437; *City of Chicago* v. *Major*, 18 Ill. 348–358. It cannot be it was contemplated that in any case the personal representative might recover a judgment for injuries resulting in death, and then afterwards institute an inquiry as to whether or not there was any one entitled to the amount recovered on this judgment.   If it is necessary to prove on the trial there is a widow and next of kin, this fact should be alleged.   Certainly the defendant would have the right to controvert this fact.

The complaint was fatally defective in not stating that there were next of kin of the deceased, in my opinion.   It is urged, however, that there was evidence of next of kin introduced in this case, and that this defect was cured by the verdict.   The defendant, however, objected to the introduction of this evidence, and has embodied his exception in his bill of exceptions.   Where material evidence is introduced under the objection of the party against whom the same is offered, and it was error to have admitted the same, the rule urged by the plaintiff does not apply. Neither do I think a defendant is bound to exercise his objection to a defective complaint by demurrer.   The plaintiff is responsible for his pleadings and its defects, and not the defendant.   The civil practice act of Montana says the objection that a complaint does not state facts sufficient to constitute a cause of action is not waived by a failure to demur to the same.

The next point for consideration is as to whether there should have been alleged in the complaint special damages to the next of kin of the deceased; in other words, should the complaint have shown that the next of kin suffered a pecuniary loss on account of the death of the deceased?   I think the case of *Railroad Co.* v. *Barron*, 5 Wall. 90, must be considered as having settled that question, as far as the federal courts

are concerned, in the negative. In that case Justice NELSON, speaking for the court, said:

"It has been suggested frequently in cases under these acts, for they are found in several of the states, and the suggestion is very much urged in this case, that the widow and next of kin are not entitled to recover any damages unless it be shown that they had a legal claim on the deceased, if he had survived, for support. The two sections of the act, taken together, clearly negative any such construction, as a suit is given against the wrong-doer in every case by the representatives for the benefit of the widow and next of kin, where, if death had not ensued, the injured party could have maintained suit. The only relation mentioned by the statute to the deceased essential to the maintenance of this suit is that of widow or next of kin. To say that they must have a legal claim on him for support would be an interpolation in the statute, changing the fair import of its terms, and hence not warranted. This construction we believe has been rejected by every court before which the question has been presented."

If the damages which may be recovered are not confined to the legal pecuniary loss sustained by the widow and next of kin, I cannot see any necessity for setting forth specifically the damages sustained. Under the general allegation of damages, evidence can be introduced of all damages which naturally and necessarily would result from the death of the deceased. 1 Suth. Dam. 763; *Wade* v. *Leroy*, 20 How. 34. The loss to the estate of deceased from his failure to labor and save money would be the natural and necessary result of his death. *Oldfield* v. *Railroad Co.*, 14 N. Y. page 317 of opinion. I think in this particular the complaint was sufficient.

How can the pecuniary damages the widow or next of kin have suffered be determined? Is it sufficient to prove the killing of the deceased, and the negligence of the defendant? Undoubtedly such proof might justify the jury in finding nominal damages, but how much more? One of the most liberal cases on this subject of estimating damages in such cases is that of *Houghkirk* v. *President, etc.*, 92 N. Y. 225. In speaking of the jury, the court says:

"They are required to judge, and not merely to guess; and therefore such basis for their judgment as the facts naturally capable of proof can give should always be present, and is rarely, if ever, absent."

Again, in speaking of the value of human life:

"The damages to the next of kin in that respect are necessarily indefinite, prospective, and contingent. They cannot be proved with even an approach to accuracy, and yet they must be estimated and awarded, for the statute so commands. But even in such cases there is and there must be some basis in the proof for the estimate, and that was given here, and always has been given. Human lives are not all of the same value to the survivors. The age and sex, the general health and intelligence, of the person killed, the situation and condition of the survivors, and their relation to the deceased,— these elements furnish some basis for judgment."

In the case of *Collins* v. *Davidson*, 19 Fed. Rep. 83, Judge McCRARY, in instructing a jury, lays down the following as elements in estimating damages:

"In determining this amount, if you come to the question, you may consider any evidence before you tending to show what was the reasonable expectation of pecuniary benefit to said heirs from the continuance of his life. The age of the deceased, his pecuniary circumstances, his habits of industry, his accustomed earnings, measure of success in business, and the like, as far as .they appear in evidence, are proper to be considered."

In the case of *Howard* v. *Canal Co.*, 40 Fed. Rep. 195, Judge WHEELER says:

"In this case the deceased had accumulated nothing for any one up to the time of his death, in middle life. He was no more likely to accumulate property from then forward than before. The deprivation of his society, affection, or counsel is not to be considered. The actual, probable, pecuniary loss is all that the statute covers and can be allowed for. Upon the evidence, considering all the probabilities of his future, no just ground for finding that he would ever have accumulated any property for his brothers and sisters is apparent."

In this case the court gave nominal damages only.

In the case of *Holland* v. *Brown*, 35 Fed. Rep. 43, Judge DEADY took into consideration the age of the deceased, the probability of the extent of his life, the wages he earned, and his personal habits, his disposition, and capacity to labor and make and save money.

In the case of *Holmes* v. *Railway Co.*, 6 Sawy. 294, 5 Fed. Rep. 523, the same distinguished judge says:

"Under the statute, the life of the deceased is valued according to his capacity and disposition to be useful, to labor, and to save. The industrious, provident, and skilled are worth more to society than the indolent, improvident, and ignorant, and their death is to be compensated accordingly."

In the case of *Railroad Co* v. *Barron*, *supra*, in speaking of the second section of this statute, the United States supreme court says:

"The second restricts the damages in respect both to the principles which are to govern the jury and the amount. They are confined to the pecuniary injuries resulting to the wife and next of kin, whereas, if the deceased had survived, a wider range of inquiry would have been admitted. It would have embraced personal suffering, as well as pecuniary loss, and there would have been no fixed limitation as to the amount."

Again—

"So, when the suit is brought by the representative, the pecuniary injury resulting from the death to the next of kin is equally uncertain and indefinite. If the deceased had lived, they may not have been benefited; and, if not, then no pecuniary injury could have resulted to them from his death."

From these authorities, and others that might be cited, it is evident that there must be some evidence showing that had the deceased lived there would have accrued to the next of kin some property, or there was a strong probability he would or might have been of some pecuniary benefit to them. Nothing is allowed simply for the death of the deceased, separated from the pecuniary loss his widow or next of kin may suffer on account thereof. What was the evidence in this case upon which the jury based its verdict as far as damages were concerned? Plaintiff testified that Niels Serensen was his cousin; that he had a sister and two

brothers living in Denmark. There was some evidence that the deceased was a bridge carpenter, and received about $2 per day wages; that he had been working at this calling for some three or four months, and that he had sent some money to his sister; how much did not appear. There was no evidence as to his age, or as to his capacity for earning or saving money. There was nothing to show what the kin of the deceased might reasonably have expected in a pecuniary way from his estate had he lived any longer. The jury found a verdict for $1,750 damages. I think, under the evidence and the rules that should prevail in estimating damages in such cases, the jury were not warranted in finding any such verdict. Motion for a new trial is sustained.