JEFFERSON and another, Respondents, vs. CHICAGO & NORTH-WESTERN RAILWAY COMPANY, Appellant.

*March 25—April 17, 1903.*

*Railroads: Use of track by another: Liability for fire negligently set.*

A railway company which permitted one of its tracks to be used by a logging company for the purpose of delivering logs for shipment over the railway, is liable for the destruction of property by a fire resulting from the negligence of the logging company in operating on said track its own engine with a defective spark arrester, although the railway company had no knowledge of such defect.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This is an action to recover the value of a large quantity of posts and poles destroyed by fire alleged to have been caused by the negligence of the defendant. The action was tried before a jury, and the facts were not seriously in dispute. It appeared by the evidence that on July 19, 1901, the plaintiffs owned a large quantity of posts and poles, which were piled upon land immediately north of the defendant's right of way

tracks in the village of Cedar, Iron county, Wisconsin; that
at this point the defendant's railroad runs nearly east and
west, and three tracks are maintained, one of the tracks being
a main track, the next one to the north being a passing track,
and the next one north of that being the loading track, im-
mediately north of which the plaintiffs' posts and poles were
piled.   It further appears that the Montreal River Lumber
Company, a private corporation, also owned and operated a
private logging track, which was connected with the defend-
ant's passing track at a point just west of the plaintiffs' piles
of posts and poles, and that said private logging track ex-
tended north from the point of connection several miles into
the woods; that said Montreal River Lumber Company op-
erated upon this track a small locomotive, which it owned,
and which was used to bring its logs loaded on cars over said
private logging track, and to place them upon the defendant's
loading track for transportation by the defendant, and also
to take empty cars from the defendant's track into the woods
to be loaded; that this was done by permission of the defend-
ant and for the purpose of delivering said logs to the defend-
ant for shipment over its railroad, and that defendant had no
other interest in the operation of the lumber company's en-
gine; that on July 19, 1901, the lumber company's engine
was moved by its employees upon the defendant's loading
track, and was coupled to several empty logging cars stand-
ing thereon, and took them away over said private track into
the woods for loading; that immediately after this operation
a fire started among the plaintiffs' posts and poles, and a
large part of them were destroyed; that the spark arrester
upon the lumber company's engine was so defective that fire
could easily escape from it; that the defendant had no notice
of this fact; and that all of the defendant's engines which
were used at this station at the time in question were in
proper condition.

A motion to direct a verdict for the defendant was denied,

and a special verdict was rendered by the jury, by which it was found (1) that the plaintiffs owned the property in question; (2) that said property was destroyed by fire which escaped from the engine of the Montreal River Lumber Company while it was being operated upon the track of the defendant with its consent; (3) that said fire escaped by reason of a defective spark arrester upon said engine; (4) that said Montreal River Lumber Company was guilty of want of ordinary care in permitting said spark arrester to be in such defective condition; (5) that said want of ordinary care was the proximate cause of said fire; (6) that the value of the property destroyed was $5,624.49. Motions for judgment upon the verdict for the defendant and for a new trial were successively overruled, and judgment was rendered for the plaintiffs for the value of the property destroyed, with costs, and the defendant appeals.

*Edward M. Hyzer,* for the appellant.

*Ben S. Smith,* attorney, and *Owen Morris,* of counsel, for the respondents, cited 2 Elliott, Railroads, § 477; *Heron v. St. P., M. & M. R. Co.* 68 Minn. 550; *Railroad Co. v. Barron,* 5 Wall. 94; *Chicago, St. P. & F. du L. R. Co. v. McCarthy,* 20 Ill. 385; *Ohio & M. R. Co. v. Dunbar,* 20 Ill. 623; *Chicago & R. I. R. Co. v. Whipple,* 22 Ill. 105; *Nelson v. V. & C. R. Co.* 26 Vt. 717; *McElroy v. N. & L. R. Co.* 4 Cush. 400; *Aycock v. R. & A. A. R. Co.* 89 N. C. 321; *Macon & A. R. Co. v. Mayes,* 15 Am. Rep. 628; *Abbott v. J., G. & K. H. R. Co.* 36 Am. Rep. 572; *Delaware, L. & W. R. Co. v. Salmon,* 23 Am. Rep. 214; *Harden v. N. C. R. Co.* 85 Am. St. Rep. 747; *McCoy v. K. C., St. J. & C. B. R. Co.* 36 Mo. App. 445; 2 Wood, Railroads, sec. 325; *Toledo, P. & W. R. Co. v. Rumbold,* 40 Ill. 143; *Stetler v. C. & N. W. R. Co.* 46 Wis. 497–502.

WINSLOW, J. It appears that the defendant company allowed a private corporation to use a part of its tracks with a

dangerously defective engine, by reason of which the plaintiffs' property was destroyed. The defendant now seeks to avoid liability for the loss because the private corporation was engaged in its own business, and the defendant did not know that the engine it used was defective. It cannot thus escape liability. Leaving out of consideration the fact that the act of drawing loaded cars upon the loading track for transportation, or taking empty cars therefrom for loading, was essentially an act in the course of the defendant's own business, and partly, at least, for its own benefit, the principle is well established that, when a railroad company permits another to make joint use of its track, it is liable for injuries caused to person or property by the actionable negligence of such licensee. 2 Elliott, Railroads, § 477; *Railroad Co. v. Barron,* 5 Wall. 90. It has received its franchise to operate a railroad subject to certain well-defined duties as to the machinery which it uses. It cannot, while exercising those franchises, allow others to come in with defective machinery and use the *quasi*-public highway jointly with it, and escape the duty laid upon it by its charter to use safe machinery. Such a rule would open a door by which public servants, while reaping all the pecuniary benefits of their franchises, could easily escape from a considerable portion of their correlative duties by licensing irresponsible third persons to transact certain portions of their business. In the present case it is clear that while the lumber company was moving its engine over the defendant's sidetracks it was operating the franchises of the defendant with its consent. It was as much the duty of the defendant company to see that this engine was not defective while using such tracks as to see that its own were not defective. The judgment is fully sustained by the verdict.

*By the Court.*—Judgment affirmed.