Shauck, J.
The view which the trial judge consistently presented to the jury, both in giving instructions and refusing instructions requested, was that each of the companies was liable to the plaintiff,- Montgomery, if his injury was caused by its negligence or the negligence of its servants, but that neither company was liable on account of the negligence of servants of the other. With respect to The Maumee Company it is to be observed that it was the carrier of Montgomery at the time of the collision which resulted in his injury, and it was the owner of the track upon which the collision occurred. According to the view which led to the judgment in its favor in the court of common pleas, it is without liability to its own passenger on account of injuries which he sustained in a collision which resulted wholly from the negligent operation of a car belonging to, and operated by, another carrier which it had admitted to the joint use of its track. That view is not consistent with either the considerations involved or the adjudicated cases. The elements of *430 care involved in the contract of carriage embrace all conditions which affect the passenger’s safety. They extend to the permitted use or occupation of the carrier’s track, not less distinctly than to the condition of .the track, or to the operation of the carrier’s own cars. No principle is suggested which would afford immunity to the owning carrier from the liability for the negligence of its licensee in a case of this character. That there is no such immunity has been held in numerous cases, among which are Railroad Company v. Barron, 5 Wall., 90; Delaware, Lackawana & Western Railroad Company v. Salmon, 39 N. J. L., 299; Jefferson v. Railway Company, 117 Wis., 549; and Pennsylvania Company v. Ellett, Admr., 132 Ill., 654. The case under consideration, and the cases cited, are quite readily distinguished from those cases in which a- company owning a track and leasing it to another company for the exclusive operation of trains and cars thereon, itself wholly ceases to operate cars and trains. In such a case the question here presented could not arise.
It is urged upon our attention that the petition does not allege, and the evidence does not tend to show,, any act of negligence participated in by both of the companies joined in the action. But the companies voluntarily entered into such relations that the negligence of either might have caused the collision in which Montgomery was injured, or it might have been caused by the negligence of both. It might have resulted from the sole neglig'ence of the Interurban Company with a liability against it upon that ground with *431 a concurrent' liability of the Maumee Company because of the breach of its contract of carriage. Such relations are alleged in the pleadings and they appear in the evidence. The original plaintiff was wholly without fault contributing to his injury. His right to recover against one, or both of the companies, is entirely clear. If the collision resulted solely from the negligence of the Interurban Company the liability should ultimately fall upon it. But that liability may be enforced in the same action as the liability of The Maumee. Company for the breach of its contract. The original plaintiff was obliged neither to waive his right of action against either company, nor to choose at his peril against which company he would bring his action. We are aware of no rule of law which requires several actions to determine the rights, and liabilities of the parties in such a case. That they may be determined in one action appears from Morris v. Woodburn, 57 Ohio St., 330; Chicago v. Robbins, 2 Black, 418; City of Rochester v. Campbell, 123 N. Y., 405.
The original plaintiff, upon the principles already stated, may be entitled to judgment against both companies, though of course he is entitled to but one satisfaction. It will be proper upon a re-triai of the cause, as it would have been upon the original trial, by special interrogatories to the jury and the action of the court upon its answers thereto, to determine, if • such shall appear to be the truth, • that the Interurban Company ' is liable because of its sole negligence, and The Maumee Company because of its breach of contract, the execution to run firstly against the former com *432 pany, and if it be not satisfied, then against the latter.
The circuit court properly reversed the judgment and remanded the cause for a new trial, and its judgment will be affirmed.

Judgment affirmed.

Summers, C. J., Crew, Spear, Davis and Price, JJ-, concur.