Oldfield *v.* The New York and Harlem Railroad Company.

THOMAS J. OLDFIELD, Administrator, &c., of Hetty Downie, deceased, *v.* THE NEW YORK AND HARLEM RAILROAD COMPANY.

The statute of 1847, amended in 1849, giving a right of action, for the benefit of the next of kin, to the representatives of a deceased person whose death has been caused by the negligence of a company or individual, does not limit the amount to be recovered to the loss of those only whose relations to the deceased were such as to give them a legal right to some pecuniary benefit which would result from a continuance of the life.—*Per* WOODRUFF, J., *dub.*

The action may be maintained and damages recovered in any case wherein, if death had not ensued, the injured party himself could have prosecuted; and the principle of liability on the part of the defendant is the same.

The damages are not confined to such actual pecuniary loss as is susceptible of definite proof; but may include prospective losses, to be determined by the jury when all the facts and circumstances attending the case are before them.— INGRAHAM, FIRST J., and DALY, J., *concurring; sed per* WOODRUFF, J., *dub.*

These statutes, being intended to secure care on the part of persons and corporations, engaged in a business which endangers the lives of citizens, should be so construed as to give full effect to their object, and punish those who are guilty of negligence.—*Per* INGRAHAM, FIRST J.

Accordingly, in an action brought by an administrator, for the benefit of the mother of a dependent child about seven years of age, the verdict of a jury assessing the plaintiff's damages at $1,300, was sustained by the court.

Negligence is not, as matter of law, to be presumed from the mere fact of permitting a child, between six and seven years of age, to be alone and unattended in the streets of a city. Whether such permission, where the child is of that age, proves negligence, is for the jury to determine, under the peculiar circumstances of each case.

Where the complaint, in an action against a railroad company for injuries, alleged that a car of the defendants, in charge of their servant and agent, was wrongfully driven over a child, whereby, etc., and that the defendants, by the negligence of themselves and their agents ran over the child and caused her death; *held*, that the plaintiff, under the pleadings, was at liberty to show the deficient or defective construction of the car, as well as the carelessness of the driver and others in its management.

THIS was a prosecution under the comparatively recent statutes, giving a right of action, for the benefit of the next of kin, to the representatives of a deceased person whose death has been caused by the negligence of a company or individual. (See laws of 1847, p. 575, and of 1849, p. 388). The suit was brought by the late DAVID GRAHAM, as attorney. The complaint was as follows:

City and county of New York : Thomas J. Oldfield, as administrator of all and singular the goods, chattels, and credits, which were of Hetty Downie, late of the city of New York, deceased, who died intestate, plaintiff in this action, by David Graham, his attorney, complains that the New York and Harlem Railroad Company, on and before the ninth day of May, one thousand eight hundred and forty-nine, and in the lifetime of the said Hetty Downie, since deceased, were and still are a body politic and corporate, created by an act of the legislature of the state of New York, passed April 25th, 1831, and that on the day first above mentioned the said defendants kept and still keep an office for the transaction of business, within the city and county of New York.

That on the said ninth day of May, 1849, the said Hetty Downie, since deceased, was passing along and across a certain public street or highway in the city of New York, called Centre street, on her lawful affairs and business, and that a certain car, called a railroad car, drawn by four horses, the same being the property of the said defendants, driven by a servant and agent of the defendants, was wrongfully, negligently, and carelessly driven against and over the said Hetty Downie in her lifetime, whereby the said Hetty Downie was knocked down and crushed and mangled by the said horses and car, then being the property of the said defendants, and in their service, so that she died on the same day. And so the plaintiff says, that the said defendants, on the day last aforesaid, at the city of New York aforesaid, by the wrongful act, negligence, and default of themselves and their agents and servants, ran over and crushed and mangled the said Hetty Downie, and caused her death.

And the said plaintiff further says that such proceedings were had before the surrogate of the county of New York, that afterwards, on the sixteenth day of June, 1849, he the said plaintiff, was duly appointed by the said surrogate, administrator of all and singular the goods, chattels, and credits, which were of the said Hetty Downie, deceased, as by reference to the letters of administration, issued by the said surrogate, and

now in the possession of the said plaintiff, and which he is ready to bring into court, will more fully appear.

That an action has accrued to the said plaintiff, as administrator as aforesaid, to demand and have of and from the said defendants compensation in damages for the injury done to the next of kin of the said Hetty Downie deceased, by the wrongful act, negligence, and default of the said defendants, their agents, and servants, in causing the death of the said Hetty Downie, deceased.

Wherefore, the said plaintiff, as administrator as aforesaid, demands judgment against the said defendants for the injury, and that they may be adjudged to make the said plaintiff, as such administrator, compensation in damages therefor, to the amount of five thousand dollars, besides the costs of this action.

DAVID GRAHAM, *Plaintiff's Attorney.*

The answer having put in issue the allegations of negligence, the cause was tried several times, and finally the plaintiff obtained a verdict for $1,300. The child was a girl six years and ten months of age, and was killed in attempting to cross the railroad track diagonally, as one of the long cars of the defendants, drawn by four horses, was passing in one direction, and a small city car was approaching in the other.

There was evidence that the child was a remarkable proficient in music. The next of kin, for whose benefit the suit was brought, was her mother.

The additional facts, rulings upon questions of evidence, and directions to the jury, so far as material, are sufficiently disclosed in the opinions.

DALY, J., who presided at the trial, having denied a motion for a new trial, made by the defendants at special term, the cause came up on appeal from the order entered upon that decision.

*Charles W. Sandford*, for the defendants.

*John Graham* and *David Graham*, for the plaintiff, cited *Ford* v. *Monroe*, 20 Wend. 210; *Whitney* v. *Hitchcock*, 4 Denio,

461; and on the question of excessive damages, *Cable* v. *Dakin,* 20 Wend. 172; *Marquissee* v. *Omston,* 15 Wend. 368; *Kendall* v. *Stone,* 2 Sand. S. C. R. 269; *Merest* v. *Harvey,* 5 Taunt. 442; *Sharp* v. *Brice,* 2 W. Black. 942; Graham on new trials, 410, 427, etc.

INGRAHAM, FIRST J.—This action is to recover damages for the death of a child, produced by the carelessness of persons in the employ of the defendants. The action is brought under the statute of 1847. The child was six or seven years of age, living in the neighborhood of the accident. She was taken to the hospital, and died before night. The evidence tended to show that the car was driven faster than ordinarily; that immediately preceding the accident the driver of the car was looking in a direction different from that in which he was going, and that if he had noticed the child when the witnesses did, the accident might have been avoided. Evidence on the part of the defence was offered, to explain or excuse any apparent negligence on the part of the driver. The evidence on this branch of the case was to some extent contradictory, and was submitted by the judge to the jury for their decision, with proper instructions as to the effect of negligence on the part of the driver, as well as on the part of the child. In regard to the defendants, there can be no doubt that the decision of the jury, as to the negligence of the driver, is conclusive upon that point. In regard to the child, also, I think the same rule must be recognized. There are cases where permitting a very young child to be in the streets, without an attendant, is of itself evidence of negligence sufficient to defeat an action of this kind, but those cases are of children much younger than this one; and although there may be negligence in permitting such a child to be alone in the streets of a city unattended, still, at her age, I am not prepared to say that, as matter of law, such negligence is to be presumed. On the contrary, I think it is properly to be left to the jury to say whether, under the peculiar circumstances of each case, a child, permitted to go through the streets at such an age, was or was not possessed of sufficient judgment and

Oldfield *v.* The New York and Harlem Railroad Company.

discretion to avoid ordinary accidents to which she might be exposed in crossing the streets of the city. The defendants moved for a nonsuit, on this ground, and also for the want of evidence of any pecuniary damage ; which motion was denied.

The motion was properly denied. As to the negligence, because that was a question for the jury; and as to the want of proof of damages, because at any rate there might be nominal damage. Whether the jury might give more, without actual proof of damage, will be considered on another branch of this case.

A question was asked of a witness, whether there were any guards in front of the car, which question was admitted, and the defendants' counsel excepted. Where the question was the negligence of the defendants and their servants, it certainly was admissible to inquire whether the construction of the car was such as to tend to occasion the accident. If the car had no breaks by which it could be stopped, it might be shown as evidence of carelessness. If it had no guards, and if the use of guards would have prevented it, such evidence was properly laid before the jury for their consideration.

It is said that the complaint did not warrant such an inquiry, but the complaint did charge the negligence either on the defendants or their agents, and although that negligence, as proven, mainly consisted in the acts of the driver, still there was ample room, under that allegation, to add any facts of negligence on the part of the defendants in the construction of their cars which would have aided in causing such injury. ·

The third point of the defendants is, that the judge said, in charging the jury, " that the plaintiff could recover whatever pecuniary loss the next of kin (the mother) may be supposed to incur in consequence of the loss of the child." This was qualified by adding, that the jury were to give what they should deem fair and just, with reference to the pecuniary injury resulting from the death. The judge also excluded all considerations arising from the sufferings of the child or the anguish of the parent, and confined the rule of damages exclusively to indemnification for a pecuniary loss.

The acts under which the recovery in this action is sought are, Sep. 1847, p. 575, and Sep. 1849, p. 388. They provide that the action may be maintained and damages recovered, whenever a case occurs in which, if death had not ensued, the injured party could have maintained an action. The principle of liability, by the first section, is made the same as if the injured party had survived the accident, and had brought an action for the recovery of damages for such injury. In such an action by the injured party it would not for a moment be pretended that it would be necessary, for a recovery, to show that any actual pecuniary loss should be proven. On the contrary, the mere proof of the injury, and that it was occasioned by the defendants' negligence, would be sufficient to sustain a verdict for such damages as a jury might award.

The second section of the statute, as amended, limits the recovery to $5,000, and provides " that the jury may give such damages as they may deem a fair and just compensation with reference to the pecuniary injuries, resulting from such death, to the wife and next of kin of the deceased person."

I cannot suppose that the legislature intended to confine the damages in such a case to proof of actual pecuniary loss. Such a supposition would render the law nugatory. The statute was intended to give damages for prospective losses, and not for what could be proven ; and to require proof of such loss would be merely to obtain the opinion of witnesses in such a question, instead of the opinion of a jury.

I am of the opinion that such was not the intent of the statute, but that the rule in the act is given to the jury to guide them after they have before them the circumstances of the accident, the condition, relationship, and dependence of the parties ; the ability and means of support to be derived from the deceased, if any, and other facts of this nature, in forming their opinion of what the pecuniary loss of the next of kin is under such circumstances. When the judge gave them the words of the statute as the rule of damage, he certainly did not err ; and when he told them that the damages were to be what the mother may be supposed to incur by the death of the

.child, he only told them that the damages were to be a sum which, in their opinion, would be the pecuniary loss of the next of kin.

Any other construction would entirely destroy the intent of the statute, which was to give to the next of kin a right of action for an injury which the injured person would have had, had not the injury resulted in her death. And we cannot adopt any other conclusion as to the policy of this law, than that it was intended to compel persons and corporations engaged in a business which endangered the lives of the citizens, to be more careful than had been the case before its passage, and by affording a redress for such injuries, which did not exist before, to punish them for their negligence. Such an intent is evidenced by the second section of the act of 1849, which inflicts upon the guilty agent or servant of a company punishment for the same offence for which damages may be recovered.

In the construction of acts passed, evidently with the intent of requiring from railroad corporations, as well as others, more care in regard to the lives of travellers and persons passing through the streets and highways, it is not the duty of courts to adopt views which would tend to render such acts nugatory, and enable violators of them to escape with impunity, as was so often the case before this statute was enacted, but, on the contrary, to give the statute effect, by adopting the evident intent with which it was passed, and holding those who negligently destroy the lives of third persons responsible for the consequences of such negligence.

But it is said that the damages are excessive. The amount awarded by the jury was $1,300. A slight excess in the amount, under circumstances of the kind which give rise to such an action, would not justify a reversal of the judgment, and where the amount is resting mainly in the discretion of the jury, although they have awarded a sum larger than the court might have granted if the case had been tried without a jury, such an excess does not warrant a new trial. The jury have intended to afford an ample compensation for the loss;

still, although the amount of the verdict is large, it does not. afford evidence of prejudice, or partiality, or corruption; and, if not, there is no ground for granting a new trial because the damages are large.

My conclusion is, that the judgment should be affirmed.

DALY, J., concurred in the opinion of the FIRST JUDGE.

WOODRUFF, J.—The evidence relating to the construction of the car, to which objection was made on the trial in this case, was, I think, admissible upon this ground (even conceding that upon a strict construction of the complaint herein the plaintiff was confined to proof of negligence of the driver in the management thereof), viz. What would be prudent and careful in the management and driving of a well constructed car, amply provided with brakes by which it could be stopped in due time and with guards to prevent injury to persons in case of accident, might be very imprudent, careless and even reckless in driving a car ill provided with brakes and guards; and especially in the streets of a city, where numbers are constantly crossing and re-crossing, a car of the latter description should be driven much more slowly and cautiously.

In respect to the rule of damages in a case like the present, I am not satisfied that the latitude given to the jury in the charge in the present case is warranted by the true construction of the statute under which the suit is brought. Although the words of the statute were stated to the jury, they seem at the same time to have been authorized to indulge somewhat freely in considering what loss the mother "may be supposed to incur;" and I think it by no means clear that, when the death of a child of six years of age is contemplated solely "with reference to the pecuniary injury resulting from such death to the next of kin," it can be said that such a death has occasioned any damage, and especially where, as in the present case, the mother, who was the only next of kin, had contracted a second marriage. It is not easy to perceive that the death of her young and dependent offspring could occasion pecuniary

loss to her beyond, perhaps, the expense of medical attendance and burial expenses, if borne by her.

The construction of the statute in question is not clear upon this subject. It has been supposed by some to have been only intended for the indemnity of those whose relations to the person killed were such that he or they had legal right to some pecuniary benefit which would result from a continuance of the life and which was lost by the death, and not to be applicable to an injury like the present, where it caused the death of a child of tender years and yet in a state of dependence.

I am, however, under the circumstances, and especially after three trials (in two of which the jury failed to agree), disposed to concur with my brethren in affirming the judgment, leaving the defendants, if so advised, to prosecute their appeal, and obtain a construction of the statute in question from the court of last resort.

Judgment affirmed.