72 U.S. 90 (____)
5 Wall. 90
RAILROAD COMPANY
v.
BARRON.
Supreme Court of United States.

*95 Mr. Tracy, for the railroad company, plaintiff in error.
Mr. Lincoln Clark, contra, for the executor.
*104 Mr. Justice NELSON delivered the opinion of the court.
There are only two questions raised in the course of the trial in the court below that it is material to notice.
It was insisted on the trial, in behalf of the defendants, that the express train was wholly in fault, and responsible for the injury. But the court ruled, that, considering the facts to be as claimed, still the defendants were liable; and this presents the first question in the case.
It will be observed the defendants owned the road upon which they were running the car in which the deceased was a passenger at the time of the collision, and that the train in fault was running on the same road with their permission.
The question is not whether the Michigan Company is responsible, but whether the defendants, by giving to that company the privilege of using the road, have thereby, in the given case, relieved themselves from responsibility? The question has been settled, and we think rightly, in the courts of Illinois holding the owner of the road liable.[] The same principle has been affirmed in other States.[]
The second question is, as to the proper measure of damages.
The only direction on this subject in the statute is, that the jury may give such damages as they shall deem a fair *105 and just compensation, regard being had to the pecuniary injuries resulting from the death to the wife or next of kin, not to exceed five thousand dollars.
The first section gives the action against the company for the wrongful act, if death happens, in cases where, if the deceased had survived, a suit might have been maintained by him. The second restricts the damages in respect both to the principles which are to govern the jury, and the amount. They are confined to the pecuniary injuries resulting to the wife and next of kin, whereas if the deceased had survived, a wider range of inquiry would have been admitted. It would have embraced personal suffering as well as pecuniary loss, and there would have been no fixed limitation as to the amount.
The damages in these cases, whether the suit is in the name of the injured party, or, in case of his death, under the statute, by the legal representative, must depend very much on the good sense and sound judgment of the jury upon all the facts and circumstances of the particular case. If the suit is brought by the party, there can be no fixed measure of compensation for the pain and anguish of body and mind, nor for the loss of time and care in business, or the permanent injury to health and body. So when the suit is brought by the representative, the pecuniary injury resulting from the death to the next of kin is equally uncertain and indefinite. If the deceased had lived, they may not have been benefited, and if not, then no pecuniary injury could have resulted to them from his death. But the statute in respect to this measure of damages seems to have been enacted upon the idea that, as a general fact, the personal assets of the deceased would take the direction given them by the law, and hence the amount recovered is to be distributed to the wife and next of kin in the proportion provided for in the distribution of personal property left by a person dying intestate. If the person injured had survived and recovered, he would have added so much to his personal estate, which the law, on his death, if intestate, would have passed to his wife and next of kin; in case of his death by the injury *106 the equivalent is given by a suit in the name of his representative.
There is difficulty in either case in getting at the pecuniary loss with precision or accuracy, more difficulty in the latter than in the former, but differing only in degree, and in both cases the result must be left to turn mainly upon the sound sense and deliberate judgment of the jury.
It has been suggested frequently in cases under these acts, for they are found in several of the States, and the suggestion is very much urged in this case, that the widow and next of kin are not entitled to recover any damages unless it be shown they had a legal claim on the deceased, if he had survived, for support. The two sections of the act taken together clearly negative any such construction, as a suit is given against the wrong-doer in every case by the representative for the benefit of the widow and next of kin, where, if death had not ensued, the injured party could have maintained the suit. The only relation mentioned by the statute to the deceased essential to the maintenance of this suit, is that of widow or next of kin; to say, they must have a legal claim on him for support, would be an interpolation in the statute changing the fair import of its terms, and hence not warranted. This construction, we believe, has been rejected by every court before which the question has been presented. These cases have frequently been before the courts of Illinois, and the exposition of the act given by the learned judge in the present case is substantially in conformity with those cases.[*]
JUDGMENT AFFIRMED.
NOTES
[] The Chicago and Saint Paul Railroad Co. v. McCarthy, 20 Illinois, 385; Ohio, &c., Railroad Co. v. Dunbar, Id. 623; Chicago and Rock Island Railroad Co. v. Whipple, 22 Id. 105.
[] Nelson v. The Vermont, &c., Railroad Co., 26 Vermont, 717; McElroy v. Nashua, &c., Railroad Co., 4 Cushing, 400.
[*] City of Chicago v. Major, 18 Illinois, 349; Chicago and Rock Island Railroad v. Morris, 26 Id. 400; 21 Id. 606?; Pennsylvania Railroad Company v. McCloskey, 23 Pennsylvania State, 526; Oldfield v. New York and Harlem Railroad Company, 3 E.D. Smith, 103.