BARKSDALE v. SEABOARD AIR LINE RY.

1. CHARGE.—STATUTE.—Reading a statute as it read before amendment is not error where the amended clause is not applicable to the case being tried.

2. IBID.—NEGLIGENT KILLING—DAMAGES.—In action for negligent killing, it is not necessary to recovery that pecuniary loss be shown to those for whose benefit the action is brought, but such loss may be proved as an element of damages. Where there is no evidence of pecuniary loss, it is not error to instruct jury to that effect and that they should consider all the elements of compensatory damages except that based on pecuniary loss.

Before MEMMINGER, J., Abbeville, October Term, 1905. Affirmed.

Action by W. D. Barksdale, Administrator of Edward Y. Barksdale against Seaboard Air Line Railway. From judgment for plaintiff, he appeals.

*Messrs. Ellis G. Graydon, Wm. N. Graydon* and *F. B. Gary,* for appellant. *Mr. Wm. N. Graydon* cites: *Statute does not require proof of pecuniary loss:* 29 S. C., 317; 5 Wall., 90; 47 S. C., 375; 58 S. C., 70.

*Messrs. J. L. Glenn* and *Wm. P. Greene,* contra. *Mr. Glenn* cites: *It is not error to charge admitted facts:* 37 S. C., 239; 38 S. C., 1; 40 S. C., 312; 60 S. C., 477. *Damages may be recovered in cases of wrongful death without proof of pecuniary loss:* 27 S. C., 303; 47 S. C., 375. *Error in charge which does not effect the verdict is harmless:* 40 S. C., 92, 134; 34 S. C., 499; 72 S. C., 361.

*Mr. Greene* cites: *Not necessary to prove pecuniary loss to entitle plaintiff to recover:* 58 S. C., 70; 29 S. C., 303; 47 S. C., 375; 8 Ency., 919-921; 94 Am. Dec., 550. *Stating to jury admitted facts is not a charge on the facts:* 69 S. C., 464; 66 S. C., 33; 65 S. C., 176; 63 S. C., 197; 62 S. C., 362; 51 S. C., 469. *Erroneous statement of the law on an issue not before the jury is harmless:* 64 S. C., 112; 72 S. C., 355; 44 S. C., 546; 51 S. C., 469; 68 S. C., 38; 72 S. C., 174; 71 S. C., 446.

February 27, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. The complaint alleges, that on the 9th of September, 1904, Edward Y. Barkesdale was in the employment of the defendant as an engineer, and, while running his engine, was killed through the negligence of the defendant, in failing to construct a suitable and safe

trestle, and in failing to give him timely warning that it had fallen, while another train was passing over it.

The answer denied the allegations of negligence, and set up as a defense, that the plaintiff's intestate was guilty of contributory negligence.

The jury rendered a verdict in favor of the plaintiff for $1,000.

The plaintiff appealed upon a single exception, which sets out the following assignments of error:

"1. In charging the jury, at the request of the defendant, as follows: 1. 'That there is no evidence in this case of any pecuniary loss to the parties in interest, in whose behalf the plaintiff is suing, and, therefore, the jury can only consider such damage as they have suffered, otherwise than from pecuniary loss in making up a verdict, if they should find for the plaintiff.'

"The errors in said charge are as follows:    a. The Statute does not put the loss on a money basis at all, and the effect of the said charge was to impress on the jury that they ought to reduce the verdict, on account of the failure to prove that the deceased contributed to the support of his father and mother.

"b. The plaintiff was put in the position of failing to prove something material to his case, when the statute does not require, or even allow, him to prove anything as to pecuniary loss.

"c. In reading the act as it stood before the late amendment, which dispenses with proof of pecuniary loss in any case, thus impressing on the jury that in some cases money loss must be proved.

"d. The said charge was misleading and prejudicial to the plaintiff, in that it produced the impression on their minds that it was incumbent on the plaintiff to prove actual pecuniary loss, when the Statute does not require it.

"e. In that under the Statute pecuniary loss is not an element of damages, and it is not necessary either to allege or to prove such pecuniary loss, to entitle a party to recover

full damages for death caused by wrongful act, negligence, or default of another.

"f. In impressing on the jury that it was incumbent on the plaintiff to prove something that the Statute does not require him either to allege or prove, thus producing in the minds of the jury the impression that the plaintiff had failed to prove some fact, made material by the Statute, when, it is respectfully submitted that it is not necessary, or perhaps proper, to allege or prove any pecuniary loss whatever, but the Statute leaves the question of loss entirely to the jury after making proof that the killing occurred by the wrongful act, negligence or default of the defendant."

His Honor, the presiding Judge, read to the jury section 2852, of the Code of Laws, which is as follows:

"Every such action shall be for the benefit of the wife or husband, and child or children of the person, whose death shall have been so caused; and if there be no such wife, or husband, or child, or children, then for the benefit of the parent or parents; and if there be none such, then for the benefit of the heirs at law or distributees of the person, whose death shall have been caused, as may be dependent on him for support, and shall be brought by or in the name of the executor or administrator of such person; and in every such action the jury may give such damages, including exemplary damages, where such wrongful act, neglect, or default was the result of recklessness, wilfulness, or malice, as they may think proportioned to the injury, resulting from such death to the parties respectively, for whom, and for whose benefit such action shall be brought. And the amount so recovered shall be divided, etc."

In 1902 this section was amended by striking out the words, "as may be dependent upon him for support."

By reference to the section, it will be seen that these words were not applicable to actions brought for the benefit of parents; but only to actions instituted for the benefit of certain heirs at law and distributees, who are not parties

to this action. It is incumbent on the appellant not only to satisfy the Court that there was error, but, also, that it was prejudicial to his rights. Conceding that there was error in reading the section to the jury as it stood before the amendment, it cannot be successfully contended that it was prejudicial. This assignment of error is, therefore, overruled.

The appellant contends that the charge set out in the exception was misleading and prejudicial, in that pecuniary loss is not an element of damages, which the Statute requires or allows him to prove; and cites the following authorities to sustain this proposition: *Petrie* v. *R. R.,* 29 S. C., 303, 7 S. E., 515; *Strother* v. *R. R.,* 47 S. C., 375, 25 S. E., 272; *Mason* v. *R. R.,* 58 S. C., 70, 36 S. E., 440; 53 L. R. A., 913; *R. R. C.* v. *Barron,* 5 Wall., 90.

In the case of *Petrie* v. *R. R.,* supra, Mr. Chief Justice McIver, in delivering the opinion of the Court, uses this language: "We come next to the fourth ground of the motion for a nonsuit, and construing it in the same liberal spirit, it presents the inquiry whether there was any evidence tending to show that the parties for whose benefit this action is brought—the adult children of the deceased—had any beneficial interest in her life or suffered any pecuniary loss by her death. *It would be sufficient for the present inquiry to say that there was some evidence that the deceased was in the habit of rendering services to her children, which were of value to them, and that would be enough to carry the case to the jury.* It is contended, however, that unless the children had some *legal* claim on the deceased for their support, no damages can be recovered for their benefit, and as the children of deceased were all adults, living to themselves, they could not possibly have any such claim. This view is based upon the idea that the 'injury' spoken of in the Statute means *only* the deprivation of a legal right. This, it seems to us, is a narrow view of the statute,

and, on the contrary, its language repels any such view."
(Italics ours.)

Our interpretation of this case, and the others cited by
the appellant's attorney, is that, while it is not essential to a
recovery of damages, that there should be a pecuniary loss
sustained by those for whose benefit the action is brought,
nevertheless, such loss may be proved as an element of
damages.    Therefore, the charge was correct in view of
the following admission set out in the record: "There
was absolutely no testimony in this case going to show any
pecuniary loss on the part of the parties for whose benefit
the action was brought."

Furthermore, the presiding Judge instructed the jury to
consider all the elements of compensatory damages, except
that based upon pecuniary loss to the parties, for whose
benefit the action was brought, as to which there was no
testimony.

In charging the request set out in this exception, he
said: "I so charge you, there has been no such evidence
in this case, and your chart for the measure of damages is
that which I have read to you from the statute."

More than once he impressed upon them the provision
of the statutue, that "in every such action, the jury may
give such damages, as they may think proportioned to the
injury, resulting from such death to the parties respectively,
and for whose benefit such action shall be brought."

He also charged the appellant's 10th request, which was
as follows:

"10. That if the jury find from the evidence that the
death of the plaintiff's intestate was caused by the wrong-
ful act, neglect or default of the defendant, in any of the
matters alleged in the complaint, they may award such
damages, not exceeding the sum claimed in the complaint,
as they may think proportioned to the injury resulting from
his death."    The verdict shows that the jury took into con-
sideration the elements of damages submitted to them.

Under these circumstances, and especially in view of the fact that the statement contained in the exception is admitted to be correct, we see no reason for granting a new trial.

It is the judgment of the Court that the judgment of the Circuit Court be affirmed.