**NATIONAL AIRLINES, INC., Appellant,**

v.

**Beryl Whiteman STILES, Appellee.**

**Beryl Whiteman STILES, Appellant,**

v.

**NATIONAL AIRLINES, INC., Appellee.**

**No. 17587.**

United States Court of Appeals
Fifth Circuit.
June 12, 1959.

Cameron, Circuit Judge, dissented.

H. Reid DeJarnette, Dixon, DeJar-
nette, Bradford & Williams, Miami, Fla.,

William A. Porteous, Jr., Porteous & Johnson, New Orleans, La., John H. Montgomery, Jr., George N. Tompkins, Jr., Condon & Forsyth, New York City, for respondent-appellant.

René H. Himel, Jr., Eberhard P. Deutsch and R. Emmett Kerrigan, New Orleans, La., for libelant-appellant, Deutsch, Kerrigan & Stiles, René H. Himel, Jr., New Orleans, La., of counsel.

Before TUTTLE, CAMERON and WISDOM, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal by National Airlines from a judgment awarded Mrs. Stiles in the sum of $250,000 plus interest from the date of her husband's death in an airplane crash as being excessive as a matter of law, and a cross appeal by the wife on the ground that the record facts demanded, as a matter of law, a substantially greater judgment.

Harry Stiles was a successful New Orleans lawyer whose income from his law partnership averaged $41,800 per year at the time of his death. He lost his life when an airliner of the appellant's fleet was lost under circumstances held by the trial court to be negligent. See Stiles v. National Airlines, Inc., D.C., 161 F.Supp. 125. The holding as to liability is not appealed.

At the time of his death Stiles was 51 years of age. He had a life expectancy of 20.2 years. His wife was younger, and she thus had a longer expectancy.

The action was brought under the Death on the High Seas Act, 46 U.S. C.A. § 761,[1] which has been held to cover death resulting from air accidents over the high seas, Trihey v. Transocean Air Lines, 9 Cir., 255 F.2d 824. It will be noted that the recovery in such a case is expressed as "a fair and just compensation for the pecuniary loss sustained." 46 U.S.C.A. § 762.[2]

There are two distinct issues presented on this appeal. (1) Did the trial court err as a matter of law in awarding the judgment of $250,000, either because the largely undisputed testimony demanded either a larger or smaller award? (2) Was it legally permissible for the trial court to make an award of interest to run between the date of death and the date of judgment?

We affirm the trial court's judgment on both counts. The trial court considered the question of damages entirely on depositions. Although numerous objections were noted as to the relevance of certain evidence, none was passed on by the trial court on the trial and we consider that there is no question before us as to the propriety of the trial court's considering all of the evidence which had probative value in arriving at its decision.

As to the first question, the dispute is sharply drawn by counsel's respective contentions. The defendant airline says the evidence was clear that at the time of her husband's death Mrs. Stiles was not actually receiving in cash or dollar value for her own exclusive use more than $7,246 per year. (It makes a different computation of $6,746 as an alternative figure.) It says that if the court found that the husband would re-

---

[1] "§ 761. Right of action; where and by whom brought.

"Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or depend-ent relative against the vessel, person, or corporation which would have been liable if death had not ensued."

[2] "762. Amount and apportionment of recovery.

"The recovery in such suit shall be a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is brought and shall be apportioned among them by the court in proportion to the loss they may severally have suffered by reason of the death of the person by whose representative the suit is brought."

main gainfully employed for the rest of his expectancy and could and would continue "to contribute the same annual amount to the defendant *for the latter's sole benefit*," (emphasis added) the court was required to limit the award to a sum representing this annual contribution for 20.2 years reduced to a present cash value. This figure, it says, could not exceed $108,599.78 if figured at a 3% rate of return, or $99,131.65 at a 4% rate, which it claims should be used.

The plaintiff, on the other hand, says that the record is clear that a maximum of only $17,000 was spent on the average by the husband for business expenses and personal items, leaving $24,800 which is the amount of her annual loss, either because she should share this amount with him during life or it would accumulate and she would receive it on his death. Thus, she says, this sum should be multiplied by 20.2 and discounted at the present cash value. This computation would produce $347,000, using a 3% rate or $339,264, if discounted at 4%. Mrs. Stiles contended further that the opinion evidence (undisputed in the record) that Mr. Stiles's law practice income would have averaged $70,000 per annum had he lived, would increase this amount to a mathematical and legal certainty to $622,685.[3]

Thus, the defendant claims that the "pecuniary loss sustained" by the wife of a 51 year old lawyer whose earnings at time of death averaged $41,800 and would have by the date of trial four years later been in excess of $70,000 must be restricted to the present cash value of the relatively small amount which he currently gave her as a cash allowance or which she received for her sole benefit for household and like expenditures, plus half of an item of $3,500 estimated by her to be spent by her husband for their clothing, contributions and miscellaneous expenses.

Such a contention would deprive the trial court of the right to give any effect to the community property laws of the state of Louisiana which have the effect of declaring that one half of the husband's current income belongs to the wife. See Bender v. Pfaff, 282 U.S. 127, 51 S.Ct. 64, 75 L.Ed. 252; Succession of Wiener, 203 La. 649, 14 So.2d 475. It would also deprive the trial court of the right to consider that if Mr. Stiles increased his income he might increase Mrs. Stiles's personal pecuniary enjoyment in such increase either by increasing payments actually made to her, or by expenditures made by him for the benefit of both or by accumulations of excess income over current expenditures. It would, of course, deprive the trial court of the right to consider that such accumulation, both as to her one-half under community property rules, and also of his part as well, might ultimately be inherited by the wife.

The airline especially criticizes the theory that the possibility of an inheritance by Mrs. Stiles of any accumulations during the period of his expectancy may be considered by the trial court as an element in determining the pecuniary loss sustained. Ordinarily common sense, it seems to us, would refute this contention. It is as likely that a wife in these circumstances, who did in fact inherit her husband's entire estate on his untimely death, would continue to be the natural object of his affection and beneficence if he lived out his expectancy and made substantial additional accumulations as that he would continue to give her the kind of support the defendant admits the court could assume would continue. No authoritative decision has been called to our attention and we have found none that holds such consideration to be inappropriate in such an inquiry. We have held in a decision announced today in Martin v. Atlantic Coast Line R. Co., 5 Cir., 268 F.2d 397,

---

3. She also contended that to whatever sum was thus determined she was entitled as a matter of law to an additional $50,-000 representing the pecuniary value of the "loss of Mr. Stiles's care and advice." It is so patent that on this record no legal issue can be raised as to this sum that it is not further referred to.

an FELA, 45 U.S.C.A. § 51 et seq., case, that on principle this is a proper element to be considered by the trial court in assessing damages. Cf. O'Toole v. United States, 3 Cir., 242 F.2d 308.[4]

Having determined that the likelihood of future earnings, the likelihood of the wife's pecuniary enjoyment of her part of them, and the likelihood that she would also have benefited by her husband's own accumulations of his half of the community income either during life or as his heir or legatee were all properly before the court, it is plain, we think, that we cannot hold on this record that an award of $250,000 was, by law, excessive.

It does not follow, however, that the particular amount of the judgment was demanded by the evidence. Nor, a fortiori, can it be held that a larger sum was, by law, demanded. It is impossible to tell exactly how the trial court arrived at the figure it determined. It is plain, however, that it could, consider, but not be bound by, the life expectancy of the decedent, evidence as to the rate of interest to be applied for arriving at a present value; the possibility of Mr. Stiles continuing to practice his profession at an ascending scale financially, or the reverse; the possibility that, with ample other means which appeared from the evidence, and no family other than his wife, he might be content to take an early retirement. There was also the possibility that the wife might not outlive her husband, notwithstanding her younger age, or that he would in fact leave his inheritance by will to his sister or to charity. All of these elements, speculative as they are, the court had the right to consider.[5]

As we have indicated, the trial court did not, in its judgment, make specific mathematical calculations from which it is possible to ascertain which of these circumstances weighed most heavily in its determination of the amount. It is not required to do so, Robey v. Sun Record Co., 5 Cir., 242 F.2d 684. Mrs. Stiles's request that we compute a larger sum and enter a judgment for it does not fall within the powers of this Court, for it is the trial court, not we, which has this function to perform. See Sanders v. Leech, 5 Cir., 158 F.2d 486. On the record before us the trial court could give such weight as it thought appropriate to the many circumstances before it. The parties did not seek by motion below to isolate those parts of the evidence which they now insist could not legally be considered by the trial court.

We repeat what we said in Sanders v. Leech, supra, 158 F.2d at page 488:

"In these circumstances it is not our duty to determine whether, if we were triers, we would have awarded damages in the same, a greater, or a less amount. It is our duty to determine only whether we can say that the amount awarded was so inadequate that it was clearly erroneous, that is unjust. The evidence furnishes no basis for determination that it was."

We turn next to the propriety of the court's allowing interest from the date of the negligent death. The argument runs: This is a new right created by statute; the statute does not in express terms provide for the allowance of interest; hence interest cannot be allowed.

---

4. Both the FELA and the Death on the High Seas Act are "Lord Campbell Acts," Van Beeck v. Sabine Towing Co., 300 U.S. 342, 346, 57 S.Ct. 452, 454, 81 L.Ed. 685, and are subject to the same measure of damages. Michigan Cent. R. Co. v. Vreeland, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417; Middleton v. Luckenbach S.S. Co., 2 Cir., 70 F.2d 326, certiorari denied 293 U.S. 577, 55 S.Ct. 89, 79 L.Ed. 674.

5. See Louisville & N. R. Co. v. Holloway, 246 U.S. 525, 528, 38 S.Ct. 379, 62 L. Ed. 867; Chesapeake & O. Ry. Co. v. Kelly, 241 U.S. 485, 36 S.Ct. 630, 60 L. Ed. 1117; Baltimore & Potomac R. Co. v. Mackey, 157 U.S. 72, 93, 15 S.Ct. 491, 39 L.Ed. 624; Illinois Cent. R. Co. v. Barron, 5 Wall. 90, 106, 72 U.S. 90, 106, 18 L.Ed. 591; Illinois Cent. Ry. Co. v. Spence, 93 Tenn. 173, 23 S.W. 211, 215.

The statute states two things plainly: (1) The recovery is to be for "a fair and just compensation for the pecuniary loss sustained," and (2) the right of action is in admiralty.

Logically and sensibly, if the pecuniary loss to Mrs. Stiles for the death of her husband is $250,000, based on an expectancy of 20.2 years from the date of his death, she will not receive full value for her pecuniary loss if she does not receive the award until after judgment four and one-half years later. Although the statement was made in connection with a property loss, the following language aptly expresses the correct thought:

"*  *  * Damage is sustained as of a certain date. What the damage is may not be and is not affected by the time when estimated, but the damage is as found, and an award made on one date is not the equivalent of an award made at an earlier date. The delay thus enters into the late award as an element of loss, and the damage awarded is for a sum which is the equivalent of what would have been a smaller sum if earlier awarded. *  *  *" The Manhattan, 3 Cir., 85 F.2d 427, 429, certiorari denied United States v. The Bessemer, 300 U.S. 654, 57 S.Ct. 432, 81 L.Ed. 864.

This is simply the doctrine of *restitutio in integrum,* long a leading maxim applied by admiralty courts. The President Madison, 9 Cir., 91 F.2d 835, 845-847. It is quite obvious that a party suffering a financial loss from the death of a bread winner, just as from the destruction of a ship, can be placed in the same position as he previously enjoyed only if the award is made at the time of the loss or if interest for the time between loss and payment is allowed.

We find no federal case arising under this statute which expressly decides whether interest from the date of death may be added in order to provide fair and just compensation. It is quite clear that with as many uncertain factors as there are for consideration by the court in arriving at the fair value of plaintiff's pecuniary loss the length of time to the date of judgment may sometimes be taken into consideration by the court in determining the amount of its award. In such a case the court should not, of course, allow interest on such amount. Here, however, the court made plain its finding that the award was a fair measure of Mrs. Stiles's pecuniary loss as of the date of her husband's death, and interest on the amount was awarded to make her recovery complete.

Interest from the date of loss has long been allowed, of course, in admiralty for property loss. The Natchez, 5 Cir., 78 F. 183; Geotechnical Corp. of Delaware v. Pure Oil Co., 5 Cir., 214 F.2d 476. The allowance of such interest is the rule except for good cause shown. Admiralty thus stands on a different footing from the common law in this respect, for the general rule in common law had traditionally been that pre-judgment interest could not be allowed on an unliquidated tort claim. See for a discussion of this distinction, Moore-McCormack Lines v. Amirault, 1 Cir., 202 F.2d 893, and see for a discussion of the more modern trend, even in common law actions, the note in 36 A.L.R.2d 343, where at page 345 it is said:

"Where the damages are of a pecuniary character and are measurable in money with reasonable certainty, the trend of modern decisions seems to be to allow interest as a matter of right. Thus, generally speaking, interest is allowable as a matter of right in actions of trover, trespass, or replevin, and in condemnation proceedings. *  *  * According to most cases whenever interest is allowed as a part of the damages, it runs from the date of the injury to, or detention, loss, or destruction of, the property involved."

Lacking any federal decisions under this act, the airline relies heavily on a New York State decision which applied the Death on the High Seas Act in state litigation. In Wyman v. Pan American

Airways, Inc., 181 Misc. 963, 43 N.Y.S. 2d 420, affirmed 267 App.Div. 947, 48 N.Y.S.2d 459, affirmed 293 N.Y. 878, 59 N.E.2d 785, certiorari denied 324 U.S. 882, 65 S.Ct. 1029, 89 L.Ed. 1432 the New York court held: "As the said statute contains no provision for interest, it follows that interest may not be allowed on the verdict herein * * *." [181 Misc. 963, 43 N.Y.S.2d 423.]

Appellant also relies on the federal cases decided under the Jones Act, 46 U.S.C.A. § 688, and the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51, 60. Typical of these are Chicago, M., St. P. & P. R. Co. v. Busby, 9 Cir., 41 F.2d 617, and Cortes v. Baltimore Insular Line, 2 Cir., 66 F.2d 526, holding that judgments under these statutes cannot include interest for the period preceding judgment. There is also the case from this circuit which holds the allowance of interest is discretionary in admiralty, and disallowed it. Sabine Towing Co. v. Brennan, 5 Cir., 85 F.2d 478, a Jones Act case tried in admiralty.

With deference to the New York court, we conclude that the language of the statute here for construction clearly allows interest from the date of death as an element necessary to provide "fair and just compensation for the pecuniary loss sustained," where the trial court clearly showed that no such increment was included in the principal award. The Jones Act and FELA cases are clearly distinguishable because in each of them Congress created a cause of action *at law* (though the Jones Act plaintiff may elect to sue in admiralty), which, moreover, comprehends the right of the plaintiff to recover for pain and suffering and injuries up to the date of trial and as to the future. It is quite understandable that Congress may have enacted

these statutes in light of the common law rule on interest because where the injuries and consequences of injuries continue up to the date of trial and beyond it would be much easier to figure damages as of the date of trial. This would not be so in the case of a simple death statute, where the entire loss occurs at one time and is measured as of that time.[6] It is also understandable that the court would apply the same rule as to interest under the Jones Act, whether the particular suit was for death or for injury and pain and suffering and whether the suit was brought in admiralty or on the law side of the court. On the other hand, it is equally understandable that when Congress created a right of action for "pecuniary loss" for death only and created it as solely an admiralty action it intended for it to be governed by the traditional admiralty conception of interest as an element of the loss suffered by the claimant. In any case, Congress clearly did intend to provide for full compensation for the loss; and, as we have explained above, the courts cannot carry out this clear mandate without taking into account the inadequacy of delayed compensation.

Moreover, it is apparent that this Court has set no precedent to the contrary. In the Sabine Towing case, supra, the Court of Appeals was using its own discretion in denying interest, rather than reversing discretion exercised by the trial court. This was in accord with the idea formerly held that the Courts of Appeals had the power to try admiralty cases de novo. Such a rule no longer obtains. McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20.

The judgment is

Affirmed.

6. In the Jones Act and FELA cases, even where the injured person has died before the trial the jury may still have to deal with damages for pain and suffering which continued over a period of time, since the administrator may join a claim for pain and suffering of the deceased with his claim for pecuniary loss to the beneficiaries. 45 U.S.C.A. § 59; St. Louis, Iron Mountain & Southern R. Co. v. Craft, 237 U.S. 648, 35 S.Ct. 704, 59 L.Ed. 1160. The computation of interest in such a case might be an undesirably confusing assignment to give to the average jury.

CAMERON, Circuit Judge (dissenting).

The record before us does not, in my opinion, sufficiently present the issues of law the court below was bound to consider in reaching its decision to enable us intelligently to pass upon the contentions of the parties. This is so because of the complete failure of the trial court to find the facts and state separately its conclusions of law as required by the Rules of Practice in Admiralty and Maritime Cases.[1] The court below heard the evidence and the arguments on August 4, 1958, and held the case under study until October 17 when it filed its decree, which merely awarded judgment in favor of Mrs. Stiles and against National Airlines "in the full sum of $250,000.00 * * * "

The amount of the award in this case would depend necessarily upon how the court decided several questions of law as to which the parties took sharp issue. In fact, as I understand appellant's contentions, it does not attack the court's exercise of its discretion in fixing the amount of the damages, but only the inclusion of elements of recovery not permitted by law. The extremely large verdict rendered by the trial court could only be justified, as appellant contends, by its finding all of the facts in favor of the widow and concluding all of the questions of law in her favor. We are left without any inkling of the court's decision on these points of law. To pass upon its verdict and judgment amounts, therefore, in my opinion, to judging in the dark.

Among the sharply contested issues of law before the trial court was whether appellee was entitled to recover one-half of her husband's prospective earnings as a matter of right.[2] The opinion does not decide this question, i.e., whether in a suit under this Federal Statute, which fixes the limits of recovery, the Louisiana State Statute would control or be entitled to consideration; but, from the above quotation, it seems to accept appellee's position with respect to it. The two cases cited in support of the majority's reference to this problem are tax cases. I find no authority in appellee's brief or in the Court's opinion for the application here of the Louisiana Statute. From the oral argument it would be assumed that appellee takes the position that, if the fact-finder concluded that decedent would have averaged net earnings of $50,000 per year for the period of his expectancy, it should automatically award to the widow one-half of that amount by way of damages.

If such be the law, recovery under this federal act by a beneficiary living in Louisiana would vastly exceed recovery by a beneficiary of a person living just across the state line in Mississippi. Such a result contravenes, in my opinion, all of the teachings of the cases, that this series of acts, of which the Federal Employers' Liability Act is one

---

1. Rule 46½, 28 U.S.C.A. provides the following:

   "Findings of fact and conclusions of law. In deciding cases of admiralty and maritime jurisdiction the court of first instance shall find the facts specially and state separately its conclusions of law thereon; and its findings and conclusions shall be entered of record and, if an appeal is taken from the decree, shall be included by the clerk in the record which is certified to the appellate court under rule 49."

2. Appellee thus states her position: "First, the Airline's computations are based only on the cash contributions which Mrs. Stiles actually received from her husband during his lifetime. The Airline takes no account of (a) Mrs. Stiles' community property half interest, in her own right, in all of her husband's earnings, or (b) the fact that Mrs. Stiles as her husband's sole heir, would have inherited the balance of his saved earnings at his natural death."

   The majority refers to this question in these words: "Such a contention would deprive the trial court of the right to give any effect to the community property laws of the state of Louisiana which have the effect of declaring that one half of the husband's current income belongs to the wife. See Bender v. Pfaff, 282 U.S. 127, 51 S.Ct. 64, 75 L.Ed. 252; Succession of Wiener, 203 La. 649, 14 So.2d 475."

of the first and the one most often encountered, was enacted to insure uniformity of treatment to residents of all of the states unaffected by the different rules applying in the several states.[3]

Whether the award to which appellee was entitled was limited to contributions decedent would probably have made to her based upon experience and any probative evidence as to future earnings; whether the amount should include[4] "such accumulation, both as to her one-half under community property rules, and also of his part as well, [which] might ultimately be inherited by the wife;" whether the discount rate should be four per cent, as contended by appellant, in arriving at the present cash value of "the pecuniary loss" the widow sustained by the death of decedent, all present questions of law earnestly argued by both parties and supported in most instances by respectable authority. The trial court was bound to resolve these questions of law and under Admiralty Rules it was required to set down its conclusions and the facts to which it applied them in reaching the result upon which judgment was predicated.

At the hearing covered by the record before us the only issue presented was the amount to be awarded appellee. Damages are commonly fixed by juries and the elements which they are entitled to consider are carefully spelled out in the court's charge. Where damages are awarded by the court, it can, under said Rules, do no less than include in its findings and conclusions the elements of damages upon which the award is based. The failure of the court below so to do requires, in my opinion, that its judgment be reversed and *a fortiori* requires that we do not put our approval upon it. Admiralty Rule 46½ made it obligatory upon the court to enter its findings of fact and conclusions of law, and I know of no practice which puts a litigant in default for not submitting requested findings, unless requested by the court to do so.[5] Rule 52(a), Fed.R.Civ.P. 28 U.S. C.A. specifically exempts the parties from any obligation to request findings of fact and conclusions of law, and Professor Moore states, 7 Moore's Federal Practice, 2d Edition, page 4431, that "it has been generally held that such Admiralty Rules should be given the same construction as that given to identical Rules of Civil Procedure."

We recently[6] vacated a judgment and remanded an admiralty case to the district court solely because of its failure to make findings of fact and conclusions of law as required by Rule 46½, quoting from a Supreme Court decision stating "that there must be findings, stated either in the court's opinion or separately, which are sufficient to indicate the factual basis for the ultimate conclusion."

I am unable also to go with the majority on the matter of interest. The authorities it cites are not to me convincing. As far as I am advised, it has always been the law that judgments for unliquidated damages do not carry interest prior to their rendition,[7] and that interest will not be allowed on damages for

---

3. The general law under F.E.L.A. is thus stated in 35 Am.Jur., Master and Servant, § 519, pp. 949–950: "While there has been considerable controversy as to the measure and amount of damages recoverable in an action under the Federal Employers' Liability Act, it is now settled that the measure of damages is to be determined according to the provisions of the Act itself and the general common law as administered by the federal courts, unaffected by state legislation or the decisions of state courts. This is true in respect both of actions by the employee for his own personal injuries and in actions by the representatives of an employee who is killed or who dies from injuries received, for the benefit of the next of kin designated in the statute."

4. As the majority seems to think.

5. The Plow City, 3 Cir., 1941, 122 F.2d 816, 819.

6. Victory Towing Co., Inc., v. Bordelon, 1955, 219 F.2d 540, 541.

7. 15 Am.Jur., Damages, § 161, pp. 579–580.

personal injuries.[8] I find nothing in the majority opinion or in the briefs of counsel to warrant so radical a departure from so well established a principle. If Congress had intended so drastic a change, it would have said so in the statute. Funkhouser v. J. B. Preston Co., 290 U.S. 163, 168–169, 54 S.Ct. 134, 78 L.Ed. 243, and Louisiana & Arkansas R. Co. v. Pratt, 5 Cir., 1944, 142 F.2d 847, 153 A.L.R. 851.

For these reasons I respectfully dissent.

---

8. "The general rule is that interest will not be allowed on damages for personal injuries. Thus, interest is improperly awarded for personal injuries caused by negligence or for personal injuries against a master, where the party causing the injury could not be benefited. * * *" 15 Am.Jur., Damages, § 171, pp. 587–588.