**Matilde Natividad Zayas Castro Viuda De Cruz ESQUILIN, Benjamin Cruz Zayas, Olga Cruz Zayas, Angelica Cruz Zayas, Lucila Cruz Zayas, Nicolas Cruz Zayas, Jose Alberto Cruz Zayas, Sonia Cruz Zayas, Plaintiffs,**

v.

**WATERMAN STEAMSHIP CORPORATION, Defendant.**

**Civ. A. No. 312-60.**

United States District Court
D. Puerto Rico.
April 14, 1961.

Nachman & Feldstein, San Juan, P. R., for plaintiffs.

Hartzell, Fernandez & Novas, Vicente Ydrach, San Juan, P. R., for defendant.

CONNOR, District Judge.*

After hearing and upon consideration of the motion to strike, it is my conclusion that this motion should be denied. While the term "loss of expectancy of inheritance" may leave room for more apt expression, the item of damage to be sought is fairly implied. The statute (Civil Code 1930, Section 1802, L.P.R.A.; Title 31, Section 5141) is general in its terms rather than restrictive of any particular concept of recovery. In National Airlines v. Stiles, 5 Cir., 268 F.2d 400, this element was given recognition.[1] See also Illinois Cent. Railroad Co. v. Barron, 5 Wall. 90, 105, 72 U.S. 90, 105, 18 L.Ed. 591. Capacity to earn should be a basis for damages; this does not mean decedent's capacity to earn money for himself, but for the benefit of those naturally dependent upon him or for his estate. The amount he could so earn would be what would remain after deducting the necessary expenses of his own living. Such, while not precise or accurate in every aspect, could properly be the subject of proof. This would involve a consideration of the decedent's earning capacity and his disposition to use it, whether he was industrious or indolent; whether he was disposed to be frugal or

---

* Sitting by designation.

1. It is to be noted that this appeal was from a decision of the District Court for the Eastern District of Louisiana, which also is a civil law state.

otherwise, his average net wages and the state of his health. In short, would the decedent meet the test of "buen padre de familia" (good father of a family)? All of these factors would bear on the probability of what he might accumulate if he lived out his normal expectancy.

Indeed, the item of damage to which objection has been made by this motion is more valid and logical in Puerto Rico than in those states of the Union where it has been acknowledged and awarded both by the courts and the particular statute involved in the different cases, for Puerto Rico is a Civil Law jurisdiction where the right of the spouse and children to inherit is specifically secured by statute, and cannot be defeated by the testator, save in certain specified, extraordinary cases. Sections 2361 and 2362, Title 31, L.P.R.A.; Section 2367, Title 31; and Section 2451, Title 31.

The motion is denied.