Petition of The CITY OF NEW YORK,
Appellant,
As Owner of the FERRYBOAT TOMP-
KINSVILLE for a limitation of or
exoneration from liability,
Rose Bernstein et al., Claimants-
Appellees.

No. 305, Docket 28585.

United States Court of Appeals
Second Circuit.

Argued Jan. 27, 1964.

Decided June 10, 1964.

Joel L. Cohen, New York City (Seymour B. Quel, Leo A. Larkin, New York City, on the brief), for appellant.

Solomon R. Agar, New York City (Kane, Grae & Agar, New York City, on the brief), for claimants-appellees Rose Bernstein, et al.

Joseph M. Brush, New York City (Brush & Brush, New York City, on the brief), for claimant-appellee Texaco, Inc.

Before LUMBARD, Chief Judge, and WATERMAN and MARSHALL, Circuit Judges.

LUMBARD, Chief Judge.

This appeal by the City of New York from a final decree and a supplemental decree of the United States District Court for the Southern District of New York in an admiralty proceeding raises two principal questions: (1) whether it was proper to award prejudgment interest to the personal injury claimants; and (2) whether the granting of a $10,-000 fee to the Special Commissioner, appointed by the court to determine damages, was excessive.

These decrees are the most recent developments in a series of proceedings arising out of the collision on the night of January 5, 1959 in upper New York Bay between the oil barge, Texaco 396, and the ferryboat, Tompkinsville, owned and operated by the City of New York. The district court had ruled that it was solely the petitioner, the City of New York, who was responsible for the collision and therefore the City was entitled neither to exoneration nor to a limitation of its liability, that the claims of the injured passengers on the Tompkinsville and of Texaco, Inc. against the City should be sustained and that the claims of the passengers against Texaco, Inc. should be dismissed. 210 F.

Supp. 390 (S.D.N.Y.1961), aff'd 309 F.2d 739 (2 Cir. 1962). Thereafter the various claimants submitted evidence showing the extent of their injuries to the Special Commissioner whose report fixing damages, after some modification, was confirmed by the district court. Judge Palmieri, in his final decree, dated September 21, 1963, allowed 6% interest on the damages awarded from the date of the collision, January 5, 1959, and ordered that the Special Commissioner be paid the sum of $10,000 by the petitioner for his services. In a supplemental decree on October 8, 1963, the court ordered that the personal injury claimants recover from the petitioner, in addition to the amounts of their recoveries recited in the final decree, costs awarded against such claimants upon the dismissal of their claims against Texaco, Inc. in the companion suit.

The City of New York contends that the interest rate of 6% was an abuse of the district court's discretion, that the award of $10,000 to the Commissioner was excessive, that an admiralty court has not the power to award to the personal injury claimants the costs awarded against them in the companion limitations suit of Texaco, and, that an admiralty court lacks the power to allow prejudgment interest in a personal injury claim. We find merit only in the contention that the award to the Commissioner was excessive.

Of the 18 claimants only Texaco's claim was based on a property loss rather than personal injury. The City of New York asserts that an admiralty court has no power to allow prejudgment interest in a personal injury claim. We disagree. It has long been held proper for admiralty courts fully to restore the injured party to his condition at the time of injury by allowing and fixing prejudgment interest from the date of the loss in proceedings involving property damage.[1] The Manhattan, 85 F.2d 427 (3 Cir. 1936), cert. denied, sub nom. United

---

1. This doctrine in admiralty is frequently referred to as *restitutio in integrum.*

See The Baltimore, 75 U.S. 377, 8 Wall. 377, 19 L.Ed. 463 (1869).

States v. The Bessemer, 300 U.S. 654, 57 S.Ct. 432, 81 L.Ed. 864 (1936); The President Madison, 91 F.2d 835 (9 Cir. 1937); The Wright, 109 F.2d 699 (2 Cir. 1940); Geotechnical Corp. of Delaware v. Pure Oil Co., 214 F.2d 476 (5 Cir. 1954). Traditionally, at common law prejudgment interest on an unliquidated tort claim is not allowed. See Moore-McCormack Lines, Inc. v. Amirault, 202 F.2d 893 (1 Cir. 1953). More recently, it has been determined that those who obtain awards resulting from deaths of crew members who died in maritime accident are entitled to prejudgment interest. National Airlines, Inc. v. Stiles, 268 F.2d 400 (5 Cir. 1959); Moore-McCormack Lines, Inc. v. Richardson, 295 F.2d 583 (2 Cir. 1961), cert. denied, 368 U.S. 989, 82 S.Ct. 606, 7 L. Ed.2d 526 (1962). We said in the Moore-McCormack case that "when a court fixes damages to compensate for a loss which occurred in the past, there should be some allowance for the period between the date of the loss and the date of judgment. Recompense may thus be given for the further loss in the postponement of the receipt of compensation. In all too many instances the delay in reaching cases for trial brings suffering and privation to those who were dependent on the deceased. Even the more fortunate of the bereaved may have been forced to borrow money at interest to meet their expenses. * * * [T]he defendants who are ultimately directed to pay have had the use of the money declared to be due. * * *" Supra at 594. It is the combination of these two elements, the immediate loss to the plaintiff and the delay in the payment of compensation by the defendant that warrants the granting of prejudgment interest as a proper element of damages in fixing the loss to the dependents of decedents who bring suit in a court of admiralty.

▆ In this case 17 claimants suffered physical injury. Elements of these claims included the cost of medical care, X-rays, medication, and pain and suffering, as well as the pecuniary loss attributable to absence from employment. We see little reason for distinguishing between the loss resulting from medical expenses, pain and suffering, and diminution of earning power in the action involving a wrongful death and the case where, as here, the plaintiffs' injuries though not fatal nonetheless warrant the awarding of damages. In both the Moore-McCormack v. Richardson case and in the instant case the plaintiffs suffered a loss at a time long prior to the determination of the dollar measure of the loss. The defendant's liability arises at the time of the injury to the plaintiff and the later award by the court merely fixes the amount of a loss suffered at a prior time.

The broad application of *restitutio in integrum* enables a more equitable measure of the loss to the injured party— particularly in light of the progressively long delays in disposing of much of the litigation which must wait its turn on crowded court calendars. Moreover, the award of prejudgment interest discourages sham contentions and an improper use of the law's delays and thereby assists an earlier settlement between the parties.

▆ Certainly the granting of prejudgment interest is not appropriate when the determination of damages itself includes some compensation for the delay from the time of injury to the time of judgment. All the claimants presented evidence before the Commissioner who determined the damages to each. These awards varied between $150 and $18,000. Yet nowhere in the report of the Commissioner is there any indication whether the damages allowed reflect the delay in assessing damages. In addition the report of the Commissioner does not reveal whether any of the damages allowed here represent compensation for future loss of earnings or future pain and suffering. To the extent that there are elements of future losses which are represented in the final damages prejudgment interest is, of course, not appropriate. We therefore remand the case to the district court to determine consistent with this opinion what is the proper portion of the

damages awarded for each claim on which the prejudgment interest should run.

■ We find merit in the City of New York's claim that the payment of $10,000 to the Commissioner as his fee for services was grossly excessive. The Commissioner and his associates devoted 161 hours to the case, which included six days of hearings in which testimony and exhibits were submitted by the plaintiffs to establish their damages. The Commissioner's report ruled on four objections which were simple in nature and which he disposed of in a few paragraphs. The question of negligence was not before the Commissioner; his sole responsibility was the fixing of damages. The Commissioner's report merely lists the names of the claimants, the amounts they claimed and the amounts he recommended be allowed; nothing was said of the nature of the injuries, the proof or the reasons for the amounts allowed. The amounts allowed totalled $46,454.60, excluding interest and costs. For his report the Commissioner requested a fee of $12,000 which the district court reduced to $10,000. Considering the nature of the questions to be determined, the amounts involved and the inadequacy and summary nature of the report, we find an allowance of $3,500 quite sufficient and we direct reduction of the allowance to that amount.

■■ Pursuant to the memorandum of Judge Palmieri, which was endorsed and attached to the final decree, the personal injury claimants were allowed as additional costs the costs awarded against them in the companion limitations suit of Texaco. It is the City's contention that the court below was without power to make this award. It is unquestioned that the admiralty court, subject to such limitations as may have been imposed by statute, has a sound discretion as to the matter of costs, and costs may be allowed or denied on equitable considerations. The court below awarded these additional costs as part of the claimants' "necessary expenses." These claimants, innocent of any fault, were in many in-

stances recipients of small awards which would only be diminished to perhaps unjust proportions had the costs of Texaco also been allowed to fall on them. We cannot say that the district court's discretion in allowing costs to the claimants was unreasonably exercised.

■ Finally, the district court's allowance of interest at the rate of 6% cannot be deemed so high as to exceed the permissible limits of the trial court's discretion. While we might not have awarded interest at the full legal rate, it was within the power of the lower court to have done so.

Affirmed in part; modified in part; and remanded to determine the proper portion of the damages awarded on which prejudgment interest is to be paid.